```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

BRUCE WOODS                     :
                                :   NO. 1:00-CV-00803
    Petitioner,                 :
                                :
                                :   **ORDER**
  v.                            :
                                :
                                :
ANTHONY BRIGANO                 :
                                :
    Respondent.                 :

On September 21, 2000, Petitioner Bruce Woods ("Woods") filed the instant petition pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus (doc. 1). Respondent Anthony Brigano sought dismissal of the petition as time barred under two different theories. In his first motion to dismiss, the Respondent contended that Woods had exceeded the one-year statute of limitations period applicable to habeas petitions by waiting two years to file his motion for leave to file a delayed appeal with the state appellate court (doc. 4). Although the Magistrate Judge recommended dismissal on this ground (doc. 12), this Court declined to do so, holding that the limitations period had been equitably tolled (doc. 17). The Respondent then filed a second motion to dismiss (doc. 18), contending that the one-year limitations had run because Woods's motion for leave to file a delayed appeal was properly considered a motion for collateral review under Ohio law, and pending petitions for a writ of certiorari before the United States

Supreme Court on this ground do not toll the one-year habeas statute of limitations. The Magistrate Judge agreed with this argument, recommending that the Respondent's second motion to dismiss be granted (doc. 23). On October 4, 2002, this Court adopted the Magistrate Judge's Report and Recommendation, granting the Respondent's motion to dismiss Woods's petition as time barred and entering a judgment to this effect the same day (docs. 30, 31). In so doing, however, the Court granted Woods a certificate of appealability as to this ruling, and Woods filed his notice of appeal with the Court on October 31, 2002 (doc. 32).

On February 20, 2004, the United States Court of Appeals for the Sixth Circuit found Woods's appeal controlled by its intervening decision in <u>Abela v. Martin</u>, 348 F.3d 164 (6th Cir. 2003)(en banc) and therefore meritorious, vacating this Court's dismissal of his petition (doc. 39). However, on appeal, the state raised the argument advanced in its first motion to dismiss as an alternative basis for affirming dismissal, contending that this Court's determination that the statute of limitations was equitably tolled was erroneous. In its ruling, the Sixth Circuit declined to decide this issue, finding it appropriate to remand the issue to this Court for "further factual development regarding Woods' diligence in pursuing his rights his reasonableness in remaining ignorant of his need to file an appeal" (doc. 39).

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b),

the Court hereby REFERS this matter to the assigned Magistrate Judge to hold an evidentiary hearing to develop the factual record as contemplated by the Sixth Circuit's order remanding the case to this Court.  In accordance with 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge shall issue a Report and Recommendation containing proposed findings of fact and recommendations for the disposition of the Petitioner's motion to dismiss in light of Woods's asserted entitlement to equitable tolling.

      SO ORDERED.

Dated: March 9, 2004        /s/ S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge