UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRUCE WOODS, | : | |
| | : | |
| Petitioner, | : | Case No. 1:00cv803 |
| | : | |
| vs. | : | Judge Spiegel |
| | : | |
| ANTHONY BRIGANO, Warden, | : | |
| | : | |
| Respondent. | : | |

## WARDEN BRIGANO'S MOTION FOR DISCOVERY

Now comes Respondent, Anthony Brigano and respectfully requests an order directing Petitioner's counsel to disclose the means and manner by which Mr. Woods requested representation by the Ohio Public Defender and the correspondence from the Ohio Public Defender demonstrating the date on which the Ohio Public Defender agreed to represent Mr. Woods. This discovery request is being made pursuant to Rule 6 of Rules Governing Section 2254 cases and the Sixth Circuit's February 19, 2004 opinion remanding this case for further factual development. A memorandum in support and Warden Brigano's Request for Production of Documents are attached to this motion.

Respectfully submitted,

JIM PETRO
Attorney General

s/J. Joseph Bodine, Jr.
J. JOSEPH BODINE, JR. (0042132)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233
Trial Attorney for Respondent

MEMORANDUM IN SUPPORT

Petitioner Woods seeks equitable tolling so that his petition for writ of habeas corpus may be considered timely filed pursuant to 28 U.S.C. 2244(d). At all times during the state and federal proceedings, Woods has argued that he was diligent in his pursuit of a direct appeal from his conviction. Wood's assertion of his diligence, however, has been conspicuously vague.

During the state-court proceedings, Woods filed a Motion for Leave to File a Delayed Appeal. Ex. A. In support of that motion, he submitted an affidavit in which he stated: "When I did learn that no appeal had been filed by my attorney for my conviction, I contacted the Office of the Ohio Public Defender and asked for assistance in filing a delayed appeal." Ex. A, attached Affidavit of Bruce Woods. In the text of the motion itself, Woods wrote:

> When Woods discovered that his appeal was not pending he contacted the Office of the Ohio Public Defender for assistance. The Office of the Ohio Public Defender ordered a sentencing transcript and reviewed the case to determine if Woods had waived his right to an appeal. After determining that Woods' claims had merit his case was assigned for assistance.

Ex. A., pg. 4. Neither Woods's affidavit nor the Public Defender's written motion disclosed the date on which Mr. Woods made his request for counsel or the date on which the Public Defender agreed to represent him. Woods submitted a copy of his Motion for Leave to File a Delayed Appeal and attached affidavit to this Court in support of his argument that he diligently pursued his appeal. The Warden now seeks the documentation that shows when Mr. Woods's request was made and when his request for counsel was granted because that information is necessary for an accurate and fair determination of whether Woods is entitled to equitable tolling.

Due diligence is at issue. In *Dunlap v. United States*, 250 F.3d 1001, 1006 (6th Cir. 2001), the Sixth Circuit held that a habeas court may equitably toll the AEDPA's statute of limitations in "certain limited circumstances." The court adopted a five-part inquiry to determine

2

if equitable tolling is proper, and the third prong directs a habeas court to consider a petitioner's "diligence in pursuing his rights. *Id.* at 1008. Mr. Woods claims he was diligent in pursuing his direct appeal, and he submitted documentation in support of his argument. But the documentation so far presented to this Court has curiously omitted the specific dates on which Mr. Woods requested representation and the date on which the Public Defender informed Mr. Woods that he would be represented.

Warden Brigano seeks only that information from the Public Defender that demonstrates the means and manner by which Mr. Woods requested representation and the date on which that request was made. Mr. Woods either wrote a letter to the Public Defender requesting representation or submitted a request-for-representation form provided to him during his inmate orientation. At some point thereafter, the Public Defender agreed to represent Mr. Woods.

To the extent that the documents requested contain information that may be considered privileged, the Warden suggests that any such information be excised or that the documents be submitted to the Court for in camera inspection. Warden Brigano seeks only those documents indicating the date of Mr. Wood's request for representation and the date on which the Public Defender agreed to represent him.

Discovery in habeas cases is limited by Rule 6 of the Rules Governing Section 2254 Cases, which states in pertinent part: "A party shall be entitled to invoke the processes of discovery if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Warden Brigano asserts that good cause exists for this request because Mr. Woods has asserted his diligence in pursuing a direct appeal and a correct factual determination of his asserted due diligence can only be made by disclosure of the specific dates on which he requested and secured legal representation. Good cause is also

established because the Sixth Circuit remanded this case for further factual development – specifically for a determination of when Mr. Woods requested representation and when the Ohio Public Defender agreed to represent him. *See Woods v. Brigano*, 2004 U.S. App. LEXIS 3344 (6th Cir. Feb. 19, 2004), Ex. B.

Because Mr. Woods presents a claim that he was denied an important constitutional right, the question of his due diligence should not be left to guess-work. The evidence demonstrating whether or not Mr. Woods was diligent exists, and it is in the possession of the Public Defender. Warden Brigano respectfully requests an Order directing the Ohio Public Defender to disclose that correspondence demonstrating when Mr. Woods requested counsel and when the Public Defender agreed to that representation. A Request for Production of Documents is attached to this motion and has been served upon Petitioner.

Respectfully submitted,

JIM PETRO
Attorney General

s/J. Joseph Bodine, Jr.
J. JOSEPH BODINE, JR. (0042132)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio  43215
(614) 644-7233
Trial Attorney for Respondent

5

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11th, 2004, a copy of the foregoing *Warden Brigano's Motion for Discovery* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                s/J. Joseph Bodine, Jr.
                                                J. Joseph Bodine, Jr.
                                                Assistant Attorney General