FILED

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

FEB 19 2004

LEONARD GREEN, Clerk

No. 02-4264

**INFORMATION COPY**
**MANDATE NOT YET ISSUED**
**DIS. CT. # 00-00803**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| BRUCE WOODS, | ) |
| | ) |
| **Petitioner-Appellant,** | ) |
| | ) |
| v. | ) |
| | ) |
| ANTHONY BRIGANO, WARDEN, | ) |
| | ) |
| **Respondent-Appellee.** | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

O P I N I O N

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

**BEFORE: NORRIS, GILMAN, and ROGERS, Circuit Judges.**

ALAN E. NORRIS, Circuit Judge. Petitioner Bruce Woods, an Ohio inmate, appeals from

the district court's denial of his petition for a writ of habeas corpus. The district court determined

that a two-year delay between entry of judgment and Woods' motion for leave to file a delayed

appeal did not render his petition untimely. Rather, the district court concluded that the one-year

statute of limitations for habeas corpus petitions, 28 U.S.C. 244(d)(1), was equitably tolled during

that period because Woods had been diligent in pursuing his case. However, the court went on to

hold that Woods' petition was nevertheless untimely because a pending petition for certiorari before

the United States Supreme Court does not toll the one-year statute of limitations. For the reasons

that follow, we vacate the district court's decision and remand for the court to develop the factual

record regarding Woods' entitlement to equitable tolling.

*No. 02-4264*
*Woods v. Brigano*

### I.

On June 14, 1996, Woods was convicted in Ohio state court on multiple counts of aggravated burglary, robbery, and kidnaping. He was sentenced to a prison term of 75 to 125 years with an additional 12 years for firearms specifications. Because the trial court failed to appoint appellate counsel for him in a timely fashion, he missed the 30-day deadline to file an appeal under Ohio law. On August 28, 1998, Woods filed a motion for leave to file a delayed appeal with the state appellate court. The Ohio appellate court denied the motion on October 10, 1998. The Ohio Supreme Court denied Woods' petition for review on February 3, 1999. The United States Supreme Court denied Woods' petition for certiorari on October 4, 1999. On September 21, 2000, Woods filed this petition for a writ of habeas corpus in the district court.

Upon Woods' filing in district court, the state filed a motion to dismiss. The district court referred the matter to a magistrate judge, who recommended that the state's motion be granted because Woods had exceeded the one-year statute of limitations period for habeas petitions by waiting two years to file his motion for leave to file a delayed appeal with the state appellate court. The district court granted Woods' objections to the magistrate's report and recommendation, determining that the limitations period had been equitably tolled during that two-year period because Woods reasonably believed that his appeal had been timely filed and sat pending before the state appellate court.

The state then filed a second motion to dismiss, which the magistrate judge recommended granting. The magistrate judge determined that Woods' motion for leave to file a delayed appeal was a motion for collateral review under Ohio law, and pending petitions for certiorari before the United

*No. 02-4264*
*Woods v. Brigano*

States Supreme Court do not toll the one-year habeas corpus statute of limitations when they stem

from motions for collateral review. Because more than one year passed between the Ohio Supreme

Court's denial of review and Woods' filing his petition in the district court, the magistrate judge

recommended dismissal.    The district court adopted the magistrate judge's report and

recommendation and granted a certificate of appealability on October 4, 2002. This appeal followed.

II.

After the briefs were filed in this appeal, this court rendered its decision in *Abela v. Martin*,

348 F.3d 164 (6th Cir. 2003) (en banc) *petition for cert. filed* (U.S. Jan. 20, 2004) (No. 03-1079),

in which we concluded that petitions for Supreme Court review do toll the limitations period. We

are bound by our ruling in *Abela*, so the district court's dismissal of Woods' habeas corpus petition

on that ground was in error.

However, in its briefs, the state identified an alternative reason for affirming the district

court's dismissal, namely, that the district court erred in concluding that the statute of limitations was

equitably tolled during Woods' two-year delay in moving for leave to file a delayed appeal. We

review a district court's grant of equitable tolling for abuse of discretion. *Dunlap v. United States*,

250 F.3d 1001, 1007-08 n.2 (6th Cir. 2001). In *Dunlap*, this court noted that the following factors

should be considered when determining whether to apply equitable tolling: "(1) the petitioner's lack

of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing

requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and

(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his

- 3 -

*No. 02-4264*
*Woods v. Brigano*

claim." *Id* at 1008.  In denying respondent's first motion to dismiss, the district court explained its

application of equitable tolling in these terms:

> Petitioner's counsel failed to timely file a direct appeal.  Petitioner relied on this
> inadequate assistance of counsel and did not inquire into the progress of [the] appeal
> because another prisoner assured him that the appeals process takes years.  The
> Magistrate Judge found that this reliance was unreasonable. . . . The Court disagrees
> based upon the numerous cases cited by Petitioner in which the appeals process took
> years to complete and concludes that Petitioner's failure to realize that his direct
> appeal had not been timely brought by his trial counsel to be [sic] reasonable.

In its briefs, the state argued that Woods' two-year delay in moving for leave to file a delayed appeal

demonstrated a lack of diligence on Woods' part and that his reliance on assurances from another

prisoner was unreasonable.  Therefore, the district court was precluded from applying equitable

tolling.  The state concluded by urging us to affirm the district court's dismissal on the grounds that

equitable tolling was improperly applied.

However, at oral argument, counsel for the state requested that we remand the case to the

district court for further factual development regarding Woods' diligence in pursuing his rights and

his reasonableness in remaining ignorant of his need to file an appeal.  In particular, counsel urged

a remand for the district court to ascertain when Woods first requested appellate representation and

when he first received it.  Woods' counsel agreed that a hearing was needed.  Accordingly, we vacate

the district court's dismissal and remand for the district court to develop the factual record regarding

Woods' entitlement to equitable tolling.

### III.

The judgment of the district court is **VACATED** and the cause **REMANDED** to the district

court for further proceedings consistent with this opinion.

- 4 -