IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRUCE WOODS, | : | |
| Petitioner, | : | Case No. 1:00 CV 803 |
| -vs- | : | Judge Spiegel |
| ANTHONY BRIGANO, WARDEN, | : | |
| Respondent. | : | |

## PETITIONER'S FIRST MOTION FOR DISCOVERY

Now comes Petitioner Woods, through counsel, and moves this Honorable Court for leave to undertake discovery pursuant to Habeas Rule 6. Permitting the parties to conduct some discovery will serve the principle of fundamental fairness and make the proceedings before this Court and between the parties more efficient, as more fully developed in the accompanying Memorandum In Support.

Respectfully submitted,

DAVID H. BODIKER
OHIO PUBLIC DEFENDER

/s/ Gregory W. Meyers_____
GREGORY W. MEYERS (0014887)
Senior Assistant Public Defender
meyersg@opd.state.oh.us
Trial Attorney for Petitioner

1

and

/s/ T. Kenneth Lee
T. KENNETH LEE (0065158)
Assistant State Public Defender
8 East Long St, 11th Floor
Columbus, Ohio 43215
Phone: (614) 466-5394
Fax: (614) 752-3670
leeken@opd.state.oh.us

COUNSEL FOR PETITIONER

## **MEMORANDUM IN SUPPORT**

**I.   Petitioner's Discovery Requests.**

Pursuant to Rule 6 of the Rules Governing Section 2254 Cases, Petitioner seeks leave to conduct discovery in order to gather facts relevant to the equitable tolling issue that the Sixth Circuit remanded for further factual development. Respondent moved for discovery; Petitioner (by a separate document) agreed and produced the documents requested. Permitting some party-driven discovery will expedite the development of relevant facts without encroaching on the efficient use of this Court's time.

Petitioner seeks leave to discover information under the following five categories, all of which are relevant to the development of facts admissible at an evidentiary hearing and/or in support of a motion for summary judgment.

*DISCOVERY FROM RESPONDENT*

1) The production of all documents generated by and/or maintained by the Ohio Department of Rehabilitation and Correction (DRC) that pertain to Petitioner's incarceration in connection with the offenses underlying this case; *i.e.*, Petitioner's entire "prison file" maintained since he was admitted into the custody of the DRC upon his 1996 conviction and sentencing in Hamilton County Ohio, Case Number B 9601386. Upon information and belief, Respondent is in custody of Petitioner's

2

    entire DRC file, including records generated when Petitioner was incarcerated in other Ohio prisons in connection with the offenses underlying this case. If that assumption is not correct, then Petitioner further asserts on information and belief that the Ohio Attorney General, Respondent's counsel, represents the DRC and, as such, has access to and can produce the documents Petitioner requests herein.

2) The production of all documents in Respondent's custody or control that Respondent deems relevant to the resolution of the equitable tolling issue, and/or documents Respondent intends to use either in support of a summary judgment motion and/or during an evidentiary hearing conducted in connection with this case, including but not limited to any documents Respondent may, at this juncture, intend to use during cross examination and/or in rebuttal.

3) The identification of all lay and/or expert witnesses Respondent intends to rely on either by affidavit in support of a motion for summary judgment, and/or by testimony during an evidentiary hearing, including but not limited to any witnesses Respondent anticipates calling on direct examination and/or in rebuttal. Petitioner requests that, for each witness, Respondent provide the full name, address, and curriculum vitae (for any expert witness(es)), along with a brief description of the subject matter of the evidence Respondent intends to adduce from each witness.

### *DISCOVERY FROM NON-PARTIES*

4) The deposition of attorney Bryan Perkins, Ohio Sup. Ct. Reg. No. 0061871, who represented Petitioner at the time of the trial, conviction, and sentencing in the state criminal proceedings underlying this federal habeas case.

5) The deposition of attorney R. Michael McEvilley, Ohio Sup. Ct. Reg. No. , who represented Petitioner during some of the pre-trial proceedings that led to the trial, conviction, and sentencing in the state criminal proceedings underlying this federal habeas case.

    Upon information and belief, Petitioner, through counsel, asserts that he will glean from the requested discovery facts relevant to the development of admissible evidence in support of the proving why he is entitled to equitable tolling.

    Petitioner respectfully requests that this Court permit him to reserve the right to propound additional discovery requests depending on how the facts develop in this case.

**II.    A Habeas Petitioners Is Entitled To Discovery After A Minimal Showing Of Good Cause, Or When The Request Is Not Based On A Frivolous Issue.**

Habeas Corpus Rule 6 provides that a party shall be entitled to invoke the process of discovery "for good cause shown." "Good cause" is demonstrated "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief . . . ." Harris v. Nelson, 394 U.S. 286, 300 (1969) (citing 28 U.S.C. § 1651); Bracy v. Gramley, 520 U.S. 899, 908-909 (1997). The Harris Court emphasized that district courts should authorize discovery procedures "reasonably fashioned to elicit facts necessary to help the court 'dispose of the matter as law and justice require,'" Harris, supra, at 290, goals which would be served by permitting Petitioner to discover the information outlined above.

Appellate courts have ruled that "denial of an opportunity for discovery is an abuse of discretion when the discovery is necessary to fully develop the facts of a claim." Jones v. Wood, 114 F.3d 1002 (9th Cir. 1997). Accord Teague v. Scott, 60 F.3d 1167, 1172 (5th Cir. 1995); Thomas v. Goldsmith, 979 F.2d 746, 749-50 (9th Cir. 1992); Toney v. Gammon, 79 F.3d 693, 700 (8th Cir. 1996) ("Where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the Court to provide the necessary facilities and procedures for an adequate inquiry.").

By extension, these discovery principles apply here because (1) the Sixth Circuit remanded Mr. Woods' case to develop facts relevant to the equitable tolling issue; and (2) unless Mr. Woods prevails on his equitable tolling argument, he cannot prevail on the merits of his underlying habeas claims. Therefore, the law of this case creates "good cause" for Petitioner's

discovery request, and he must be granted permission to conduct discovery to develop facts relevant to the reasons why he is entitled to equitable tolling.

In the alternative, because Petitioner's equitable tolling argument cannot be cast as incredible or frivolous, this Court should exercise its discretion to grant Petitioner's discovery requests. See Blackledge v. Allison, 431 U.S. 63, 76, 82-83 (1977) (quoting Herman v. Claudy, 350 U.S. 116, 119 (1956)) (While courts must order discovery where "good cause" is shown, the Supreme Court has also suggested that courts may order discovery where claims simply are not so "palpably incredible [or] 'patently frivolous or false' as to warrant summary dismissal.").

Respectfully submitted,

DAVID H. BODIKER
OHIO PUBLIC DEFENDER

/s/ Gregory W. Meyers_____
GREGORY W. MEYERS (0014887)
Senior Assistant Public Defender
Meyersg@opd.state.oh.us
Trial Attorney for Petitioner

and

/s/ T. Kenneth Lee     _____
T. KENNETH LEE (0065158)
Assistant State Public Defender
8 East Long St, 11th Floor
Columbus, Ohio 43215
Phone: (614) 466-5394
Fax: (614) 752-3670
leeken@opd.state.oh.us

COUNSEL FOR PETITIONER

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing PETITIONER'S FIRST MOTION FOR DISCOVERY was filed electronically with this Court on the 1sr day of April, 2004. By operation of this Court's electronic filing system, notice of this filing will be sent to Respondent's counsel, J. Joseph Bodine, Assistant Attorney General, Corrections Litigation Section, 150 E. Gay Street, 16th Floor, Columbus, Ohio 43215, who, as counsel for Respondent, may access this filing through this Court's on-line system.

/s/ Gregory W. Meyers_____
GREGORY W. MEYERS (0014887)
COUNSEL FOR PETITIONER

# 196128