**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

BRUCE WOODS                                          :

      Petitioner,                                 :        Case No. 1:00CV803

v.                                                           :        Judge Spiegel

WANZA JACKSON[1], Warden,              :        Magistrate Judge Perelman

      Respondent.                               :


**Warden Jackson's Response
To Woods' Motion for Discovery**

**I.      INTRODUCTION**

     Shortly after his case was remanded by the Sixth Circuit, the Warden requested discovery from Mr. Woods.  Doc. # 43.  Mr. Woods voluntarily provided that discovery and requested discovery from the Warden.  The documents Mr. Woods requested from the Warden have no bearing on the issue of Mr. Woods' diligence in pursuing a direct appeal and habeas relief.  Nevertheless, the Warden gave Mr. Woods the documents he requested.  The Warden also ordered complete updated files from the various state agencies that are in possession of files regarding Mr. Woods, and those documents will be provided to Mr. Woods in a matter of days.

     In addition to documents that bear no relevance to the issue presently before this Court, Mr. Woods also requested the opportunity to depose his the lawyer who briefly represented him before trial, Mr. McEvilley, as well as his trial counsel, Mr. Perkins.

---

[1] Since the inception of this case, Warden Jackson has replaced Warden Brigano at the Warren Correctional Institution.

The Warden opposes the request to conduct depositions because they are irrelevant to the issue before this Court.

The only issue that is properly before this Court is whether Mr. Woods is entitled to equitable tolling of the AEDPA statute of limitations. Mr. Woods seeks to be excused for filing his habeas petition 1165 days late. His ineffective-assistance-of-counsel claim is not before this Court.

Warden Jackson filed a Motion to Dismiss along with this Motion. In that motion, the Warden explains that Mr. Woods and his habeas counsel were so lax in pursuing Mr. Woods' rights to state appellate and habeas review that even if this Court presumes that Woods' trial counsel was constitutionally ineffective, Mr. Woods still is not entitled to equitable tolling.

Because this Court may presume that Woods' trial counsel was ineffective when it decides whether Mr. Woods is entitled to equitable tolling, any information trial counsel might provide in a deposition is irrelevant. Warden Jackson requests that Mr. Woods' request to depose his trial counsel should be denied because any information his trial counsel may provide is not relevant to whether Mr. Woods was diligent.

Mr. Woods' request to depose the lawyer who briefly represented him prior to trial is even less relevant to the issue before this Court. That lawyer, Mr. McEvilley, only represented Mr. Woods briefly prior to trial. His representation has no bearing on whether Mr. Woods diligently pursued his appellate rights after trial.

## II.    DISCOVERY STANDARDS

Habeas petitioners are not entitled to discovery "as a matter of due course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, the standard is two-fold:

> A party shall be entitled to invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, *the judge in the exercise of his discretion and for good cause shown* grants leave to do so, but not otherwise.

Rule 6(a), Rules Governing § 2254 Cases in the United States District Courts (emphasis added).

Rule 6 is consistent with the United States Supreme Court's decision in Harris v. Nelson, 394 U.S. 286 (1969). Bracy, 520 U.S. at 908-09. In Harris, the Court stated that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." Harris, 394 U.S. at 299. The Sixth Circuit has recognized this standard. Lynott v. Story, 929 F.2d 228, 232 (6th Cir. 1991). In Bracy, it was emphasized that the "specific allegations" were supported with additional evidence supporting petitioner's claim for relief. The specific allegations should at least arise in the context of circumstances giving good reason to believe the petitioner has a legitimate basis for his petition. Rule 6 requires that a petitioner make a sufficient showing to establish "good cause" although he ultimately may be unable to obtain evidence sufficient to support his claim. Bracy, 520 U.S. at 909. In every case, "Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." Id.

There are no specific allegations regarding why anything Mr. Woods' attorney could have said or done that relate to Mr. Woods' diligence in seeking his own appeal. Therefore, Warden Jackson asserts that Mr. Woods has not established good cause, and his requested depositions should be denied.

### III.    CONCLUSION

The only issue presently before this Court is whether Mr. Woods was diligent in pursuing appellate and habeas review of his case. The conduct of his trial counsel has no bearing on this issue because ineffectiveness may be presumed and it still does not change this Court's equitable tolling analysis.

Because the depositions Mr. Woods requests have no bearing on the issue of his own diligence in pursuing his appellate rights, the Warden opposes Mr. Woods' deposition requests. This matter may be decided based upon the pleadings now that Mr. Woods has finally been candid regarding his efforts to pursue a direct appeal and habeas review. The Warden respectfully requests that Mr. Wood's request to depose his trial lawyers be denied, and that this Court turn its attention to the Warden's motion to dismiss.

Respectfully submitted,

JIM PETRO
Attorney General

s/J. Joseph Bodine, Jr.
J. JOSEPH BODINE, JR. (0042132)
Assistant Attorney General
Trial Attorney for Respondent
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, OH 43215
(614) 644-7233
FAX: (614) 728-9327
jbodine@ag.state.oh.us

CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2004, a copy of the foregoing *Motion to Dismiss* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/J. Joseph Bodine, Jr.
J. JOSEPH BODINE, JR. (0042132)