1

```
 1              COURT OF COMMON PLEAS

 2              HAMILTON COUNTY, OHIO

 3                    - - -

 4   STATE OF OHIO,                :

 5          Plaintiff               :

 6          -vs-                    :   Case No. B9601386

 7   BRUCE WOODS,                   :

 8          Defendant.              :

 9                    - - -

10           TRANSCRIPT OF SENTENCING

11                    - - -

12   APPEARANCES:

13              DAVID STEVENSON, ESQ.
                Assistant County Prosecutor
14              On behalf of the Plaintiff

15              BRYAN PERKINS, ESQ.
                On behalf of the Defendant.

16
                      - - -
17

18           BE IT REMEMBERED that upon the hearing of

19   this matter on June 14, 1996, before the Honorable John P.

20   O'Connor, one of the said Judges of the Court of Common

21   Pleas, the following proceedings were had.

22                    - - -
```

EXHIBIT 2

A-27

2

```
 1              MORNING SESSION, JUNE 14, 1996
 2                         - - -
 3         THE COURT:  Morning, ladies and gentlemen.
 4   Court's back in session.
 5         Sheriff, I believe that's Mr. Bruce Woods
 6   with you?
 7         DEPUTY SHERIFF:  Yes, sir.
 8         THE COURT:  Calling that case for
 9   sentencing.  Two cases appear on the docket
10   9600345, and as I mentioned in chambers that case I
11   believe was nullied, my notes indicate on May 31st,
12   by your office, sir, following the verdict in
13   9601386.
14         MR. STEVENSON:  Right.  The entry was
15   actually processed per Mr. Nestor on June 12th.
16         THE COURT:  June 10th?
17         MR. STEVENSON:  Twelfth.
18         MR. NESTOR:  June 12th.
19         THE COURT:  Well, I'll indicate it was
20   dismissed on June 12th.  Record would indicate as
21   follows:  We're here for sentence following a jury
22   verdict of guilty on a seven count indictment
23   dealing with Mr. Woods and the events of January
24   8th, 1996, and what is commonly referred to as home
25   invasion at 3024 Aquadale Lane in Cincinnati, Ohio.
```

A-28

```
 1    Following the jury verdict, which was guilty on
 2    kidnapping two counts, robbery two counts,
 3    aggravated robbery, armed robbery two counts,
 4    aggravated burglary and gun specification, seven
 5    counts altogether, presentence report was ordered,
 6    victim impact statements, so forth.
 7         I think counsel has had an opportunity to
 8    see all these reports.
 9         MR. PERKINS:  That's correct, Your Honor.
10         THE COURT:  I also received a
11    communication, which I gave to you off the record
12    in chambers, sir, from an Alissa L. McCray, social
13    friend of Mr. Woods.
14         MR. PERKINS:  That's correct.  I have read
15    it, Your Honor.
16         THE COURT:  Ready for sentencing?
17         MR. PERKINS:  Yes, Your Honor.
18         THE COURT:  Go ahead, sir, with what you
19    have by way of mitigation or before sentence is
20    passed.
21         MR. PERKINS:  Your Honor, in mitigation, I
22    have read the presentence investigation.  It does
23    appear to be accurate.  I know you have reviewed it
24    also.
25         What I would like to add to this matter is
```

A-29

the fact that I -- it's our position that these should be allied offenses of similar import.

THE COURT: You think all seven are one continuing course?

MR. PERKINS: Correct. I think that in this whole set of events there was only one animus involved and that was to go into this house and commit this --

THE COURT: Do you have that sheet, book?

MR. PERKINS: Your Honor, I would argue that under State versus Logan, which does argue whether there was animus, because there was only one animus in this case they are all cases of similar import and should be sentenced accordingly.

Going beyond that, I would ask Your Honor to look at the fact that myself -- I did speak with a couple of the jurors afterwards and I think the deciding factor in this case was the testimony of Rashone Riggins, who was a co-defendant in this case.

As you're aware, I think Rashone got substantially a good deal for testifying in this case and I guess he earned it since he was the one that ultimately did bring up the convictions against my client. I think he's going probably --

A-30

```
 1   I can't speak on what he's going to get in
 2   sentencing, but he's certainly not going to get
 3   anywhere near what my client is going to get just
 4   based upon the plea bargain that was arranged.
 5          I don't think that's certainly just in
 6   this case.  It was Rashone, the one that got the
 7   gun involved.  He knew where to go get the gun.  He
 8   knew they were going to the house to commit this
 9   robbery, but yet he went along with it.  And he
10   supposedly saved the life of the victim and some
11   other stuff during this.
12          However, he knew this gun was not loaded.
13   Even though he did obtain the gun, he did not
14   obtain any bullets for it.  I believe there wasn't
15   any evidence presented sufficient to sustain a
16   conviction on the gun specification that this gun
17   was operable in this case.
18          But I guess that's beside the point, but I
19   think a just verdict in this case is that all the
20   parties involved should receive similar sentences
21   and I think since Rashone Riggins is going to walk
22   out of this pretty light, I don't think it would be
23   fair to sentence my client to a maximum sentence in
24   this case.
25          THE COURT:  Thank you.
```

A-31

```
 1                    Mr. Prosecutor.
 2                    MR. STEVENSON: Judge, we're not here on
 3   Rashone Riggins or Kelly Woods today. We're here
 4   on Bruce Woods.
 5                    THE COURT: I don't even think those cases
 6   are in this --
 7                    MR. STEVENSON: No, they're not. They're
 8   in Judge Tracey's room.
 9                    THE COURT: Have they been tried yet?
10                    MR. PERKINS: No.
11                    MR. STEVENSON: No.
12                    THE COURT: Are you involved in those?
13                    MR. PERKINS: No, Your Honor.
14                    THE COURT: Is there a trial date set?
15                    MR. STEVENSON: I believe it's next week,
16   but I'm not sure. The only thing I can indicate to
17   you with respect to allied offenses and continuing
18   course of conduct, in this particular case the
19   burglary was completed when they trespassed into
20   her house. I can't make any argument with regard
21   to the aggravated robbery and the robbery. I think
22   those clearly are allied offenses and should be
23   merged. That applies to both Linda Allen and
24   Cynthia Allen.
25                    However, the robbery of Cynthia Allen took
```

A-32

1   place at a different time, in a different location
2   than the robbery of Linda Allen. She was asleep in
3   the back bedroom and was actually accosted in the
4   back hallway as opposed to immediately near the
5   front door.
6       The last thing with respect to that, two
7   kidnapping counts --
8       THE COURT: The individual to the
9   basement?
10      MR. STEVENSON: Yes. And that again was
11  something that took place after all the other
12  crimes have been completed. So we have not one
13  transaction, we actually have four. We have the
14  burglary, we have the robbery of Linda Allen, the
15  robbery of Cynthia Allen and then the kidnapping of
16  both Linda and Cynthia Allen. So he can actually
17  be sentenced on all.
18      THE COURT: Thank you.
19      MR. STEVENSON: All of those.
20      THE COURT: Is Ms. Allen present?
21      MS. ALLEN: Yes.
22      MR. STEVENSON: She is.
23      THE COURT: Couldn't see you, ma'am. I
24  appreciate your coming to court today. I have read
25  your statement, ma'am, in regards to the probation

A-33

officer contacted you. I'm sure -- was that Ms. Schaeffer at the Probation Office, I think, had gotten the victim impact statement from Ms. Allen.

UNIDENTIFIED VOICE: Somebody from Probation.

THE COURT: Anything else you wanted to say, ma'am?

MS. ALLEN: Yes.

THE COURT: Yes, ma'am.

MR. STEVENSON: Come on up here, Linda.

THE COURT: If you want to step over by the Prosecutor, ma'am.

MS. ALLEN: I would like to speak for my grandkids, myself and my daughter. My grandkids will probably never forget this. And myself --

THE COURT: I don't think anybody will.

MS. ALLEN: I'm living in constant fear because I've been threatened couple times since this has happened. I've been bribed, I've been threatened since Mr. Woods has been in jail. Twice. And I just feel like I'm living in constant fear not only of him, maybe his family members or whoever he want to have something done to me.

THE COURT: Have you talked to Mr. Stevenson or the police about that, ma'am?

A-34

```
 1              MS. ALLEN:  Yes.
 2              MR. STEVENSON:  Judge, a relative --
 3              THE COURT:  I don't --
 4              MR. STEVENSON:  -- of Mr. --
 5              THE COURT:  Whatever is said is between
 6    you all.  If there's an ongoing investigation, I
 7    just want to make --
 8              MR. STEVENSON:  A relative of Mr. Woods
 9    was actually charged in the robbery events and
10    she's related the rest of it to us as well.
11              THE COURT:  I just want you to know,
12    ma'am, there are such offenses besides robbery.
13    There's intimidation of witnesses.  You were a
14    witness.  I just want to make sure, ma'am, that
15    you're getting some response to any complaint that
16    you feel that you have about something else besides
17    the events of January -- is this January 8th, I
18    believe.  And you have talked to the Prosecutor and
19    you've talked to the police about that?
20              MS. ALLEN:  Um-hum.
21              THE COURT:  Talk to me, ma'am, about Mr.
22    Woods in sentencing and what would you like to say.
23              MS. ALLEN:  I don't have no idea what to
24    say at all.  Not nothing.
25              THE COURT:  I appreciate you coming to
```

A-35

1  court, ma'am. You may have a seat back. Thank
2  you.
3              Did you have anyone that you wanted me to
4  listen to? I'll get to Mr. Woods in a second.
5  Besides him, sir?
6              MR. PERKINS: No, Your Honor, not at this
7  time.
8              THE COURT: Mr. Woods, is there anything
9  you want to tell me?
10             THE DEFENDANT: I would like to speak to
11 Ms. Linda Allen.
12             THE COURT: I'm sorry, sir?
13             THE DEFENDANT: I would like to speak to
14 Ms. Linda Allen, if she can come back here. Her,
15 Ms. Linda Allen.
16             THE COURT: Ms. Linda Allen. No, I don't
17 think that's necessary for you to speak to Ms.
18 Allen right now. You speak to me.
19             THE DEFENDANT: I want to tell her I'm
20 sorry this whole situation happened. I'm sorry.
21             THE COURT: If you want to tell her that
22 just turn around and tell her.
23             MS. ALLEN: Save it.
24             THE COURT: Speak to me now, sir.
25             THE DEFENDANT: Well, other than that,

A-36

that's all I got to say.

THE COURT: Mr. Woods, I think you're a dangerous individual. Remember the first time you and I spoke? What cottage were you in at Hillcrest?

THE DEFENDANT: What cottage was I in?

THE COURT: Oak?

THE DEFENDANT: No.

THE COURT: Walnut? Remember way back '82, '83, in '84 when I sentenced you to the Department of Youth Services? Where did you serve your time? Buckeye?

THE DEFENDANT: Buckeye, yes.

THE COURT: Do you remember what I told you then?

THE DEFENDANT: No, sir.

THE COURT: Law applies to everybody. If I break the law, I have to pay the consequences; if you break the law, you have to pay the consequences. And that's why you went to the Department of Youth Services. Same applies in this case.

On each of the cases for which there is a gun specification, the sentence of three years will be ordered. I find that the position of the

A-37

```
 1    Prosecutor is correct, that this was individual and
 2    not a continuing course of conduct and, as such,
 3    the order will be twelve years on the gun
 4    specification.
 5              I agree, too, that the burglaries merge
 6    with the aggravated burglaries and so --
 7              MR. STEVENSON:  That would be robbery.
 8              THE COURT:  Excuse me, robberies merge.
 9    As such, no order will be made on them.  They will
10    just be merged with the respective aggravated
11    robberies.
12              On the other five counts, sir, it's the
13    order of the Court you be incarcerated for a period
14    of not less than fifteen nor more than twenty-five
15    years in the Ohio Department of Corrections.  Said
16    sentences to be served consecutive to each other
17    and consecutive to the twelve years on the gun
18    specification.
19              I understand you have a parole violation?
20              THE DEFENDANT:  Yes, sir.
21              THE COURT:  That comes to a total, sir, on
22    this sentence; twelve years on the gun
23    specification plus seventy-five to one hundred
24    twenty-five years on the charges.
25              Is there a credit to be given for days
```

A-38

```
 1   served?
 2        MR. STEVENSON:  Yes, sir, he's entitled to
 3   that.
 4        THE COURT:  Do we know the number, though?
 5   He's also being held on the parole violation.
 6        We'll determine the number of credited
 7   days.  Ms. Gates, if you can give us a call to the
 8   jail.
 9        MR. STEVENSON:  What was the date of the
10   arrest?
11        MR. PERKINS:  January 11th.
12        THE COURT:  Do you understand what's
13   happening, sir?
14        THE DEFENDANT:  So far, yes.
15        THE COURT:  Is there anything you'd like
16   to say?
17        THE DEFENDANT:  Not at this time.
18        THE COURT:  This having been a serious
19   offense, sir, which has gone to trial on a plea of
20   not guilty, it's my responsibility to advise you
21   that you have the right to appeal.  If you're
22   unable to pay the cost of appeal, you have the
23   right to appeal without payment.  If you're unable
24   to obtain counsel for an appeal, counsel will be
25   appointed without cost; and if you're unable to pay
```

A-39

1   the cost of documents necessary to an appeal, such
2   documents will be provided without cost and you
3   have the right to have a notice of appeal timely
4   filed on your behalf.
5           Do you understand your appellate rights?
6           THE DEFENDANT: Yes, sir.
7           THE COURT: Thank you.
8           Sheriff, Mr. Woods is back in your
9   custody.
10          Mr. Perkins, Ms. Gates will determine the
11  numbers of days. If you have any question on it,
12  would you mind notifying Mr. Woods?
13          MR. PERKINS: I will, Your Honor.
14          THE COURT: Anything counsel wants to put
15  on the record?
16          MR. STEVENSON: Judge, it looks like it's
17  156 days through today.
18          THE COURT: Tentatively credit, then, of
19  161, 156 plus 5 for him to get to the penitentiary.
20          Is there anything he wants to say in
21  regards to his appellate rights?
22          MR. PERKINS: Not at this time, Your
23  Honor.
24          THE COURT: So advised on the record he
25  understands them.

A-40

```
 1              MR. PERKINS:  Yes, Your Honor.  I'll
 2   discuss it with him further.
 3              THE COURT:  Thank you all for coming to
 4   Court.
 5              MR. PERKINS:  Thank you, Your Honor.
 6                         - - -
 7                   SENTENCING CONCLUDED
 8                         - - -
```

Case 1:00-cv-00803-SAS-TSB   Document 50-3   Filed 04/23/2004   Page 16 of 16

16

CERTIFICATE

I, GAIL T. MCCUBBINS, the undersigned, an Official Court Reporter for the Hamilton County Municipal Court, Hamilton County, Ohio, do hereby certify that I recorded in stenotype and transcribed into typewriting the within transcript and that the foregoing transcript is a true, complete and accurate transcript of my said stenotype notes.

IN WITNESS WHEREOF, I have hereunto set my hand at Cincinnati, Ohio, this 3rd day of April, 1998.

                                    Gail T. McCubbins
                                    Official Court Reporter
                                    Hamilton County Ohio