IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

STATE OF OHIO,

    Plaintiff-Appellee,　　　　　　　　　C.A. No. C980716

vs.　　　　　　　　　　　　　　　　　　　　C.P. No. B-961386

BRUCE WOODS,　　　　　　　　　　　　　JUDGE JOHN P. O'CONNOR

    Defendant-Appellant.

[Stamp: COPY FILED, CLERK OF COURTS, HAMILTON COUNTY, AUG 28 1998, JAMES CISSELL, COMMON PLEAS COURTS]

[Exhibit sticker: EXHIBIT 10]

**MOTION FOR LEAVE TO FILE A DELAYED APPEAL**

Defendant-Appellant, Bruce Woods, pursuant to App.R. 5(A), respectfully requests this Court to grant leave to file a delayed appeal from the judgment entry of conviction and sentence entered June 14, 1996 in the Hamilton County Court of Common Pleas, C.A. Case No. B-961386. No bond or stay of execution of sentence has been issued in this case. The reasons for failing to file a timely notice of appeal are more fully stated in the attached memorandum in support.

                    Respectfully submitted,

                    _/s/ David H. Bodiker_
                    DAVID H. BODIKER (#0016590)
                    OHIO PUBLIC DEFENDER

                    _/s/ Thomas R. Wetterer_
                    THOMAS R. WETTERER, JR. (#0020980)
                    SENIOR STAFF ATTORNEY
                    (Counsel of Record)
                    OFFICE OF THE OHIO PUBLIC DEFENDER
                    8 East Long Street - 11th floor
                    Columbus, Ohio 43215
                    (614) 466-5394

(614) 752-5167 (Fax)

COUNSEL FOR DEFENDANT,
BRUCE WOODS

**MEMORANDUM IN SUPPORT**

On February 23, 1996, Bruce Woods was indicted on one count of aggravated burglary, two counts of aggravated robbery, two counts of robbery, and two counts of kidnapping. Each count also contained a firearm specification, and a prior offense of violence specification. Woods pled not guilty and asserted his right to a jury trial. The jury found Woods guilty on all counts. Judge O'Connor merged the allied offenses of aggravated robbery and robbery. Judge O'Connor imposed four-firearm specification for a total of 12 years to be served prior to the main collective 75 to 125 years sentence. No appeal was filed.

At sentencing, Woods was apprised of his constitutional right to a direct appeal. Ohio Criminal Rule 32(A) requires the trial court after sentencing to inform the defendant of the following rights:

    (A) Sentence

        (1) Imposition of sentence. Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and also shall address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

        (2) Notification of right to appeal. After imposing sentence in a serious offense that has gone to trial on a plea of not guilty, the court shall advise the defendant of all of the following:

        (a) That the defendant has a right to appeal;

A-10

2

   (b) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

   (c) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

   (d) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

   (e) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

   Upon defendant's request, the court shall forthwith appoint counsel for appeal.

A transcript of the proceedings demonstrates that Woods was advised of his appellate rights contained in Criminal Rule 32(A), and relied on his trial counsel. (Attachment A). However, the trial court did not ask Woods if he wanted appellate counsel appointed. There is no indication during sentencing that Woods was directly or indirectly waiving his right to an appeal and appellate counsel.

Woods is a layman, unskilled in legal practice and procedure. Woods relied on his trial attorney to file an appeal on his behalf. (See Affidavit for Bruce Woods). Woods was not informed of a thirty day deadline to file a timely notice of appeal. (See Affidavit of Bruce Woods). Woods did not discover that his attorney had missed the thirty day deadline for filing a timely notice of appeal, until _after_ the time had expired. (See Affidavit of Bruce Woods). Woods expected his trial attorney to file a timely notice of appeal. (See Affidavit of Bruce Woods). No timely appeal was filed in Wood's case. (See Affidavit of Bruce Woods). Woods did not expect to hear about his pending appeal believing that a resolution would take many months to years. (See Affidavit of Bruce Woods). Woods' trial counsel refused his phone calls and failed to write to him. (See

A-11

Affidavit of Bruce Woods). When Woods discovered that his appeal was not pending he contacted the Office of the Ohio Public Defender for assistance. The Office of the Ohio Public Defender ordered a sentencing transcript and reviewed the case to determine if Woods had waived his right to an appeal. After determining that Woods' claims had merit his case was assigned for assistance. State, ex rel McMinn v. Ohio Public Defender (1985), 26 Ohio App. 3d 16.

Mr. Woods consulted with trial counsel and requested an appeal. (See Affidavit of Bruce Woods). Mr. Woods' trial counsel refused to file a timely Notice of Appeal to perfect Woods' appeal as of right. (See Affidavit of Bruce Woods). Mr. Woods' trial attorney, still technically counsel for Mr. Wood, did not file a timely notice of appeal. Counsel's failure to file a notice of appeal constitutes ineffective assistance of counsel. United States v. Peak (9th Cir. 1993), 992 F.2d 39, 42.

Before a defendant may waive the right to appeal, the waiver must be knowing, intelligent and voluntary. See State v. Sims (1971), 27 Ohio St.2d 79, 272 N.E.2d 87. Waiver cannot be presumed from a silent record. Id. Further, where there has been no judicial determination that a defendant intelligently and knowingly waived the right to counsel on appeal, a court of appeals' judgment either dismissing the appeal or affirming the judgment of conviction is not an adjudication of any claims of error. State v. Catlino (1967), 10 Ohio St.2d. 183, 226 N.E.2d 109.

The trial judge did not make sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished that right to a timely appeal and the right to appellate counsel. "[A]n express waiver of the right to appeal is valid only if knowingly and voluntarily made." United States v. Baramdyka (9th Cir. 1996), 95 F. 3d 840, 843;

A-12

United States v. Feichtinger (7th Cir. 1997), 105 F. 3d 1188, 1190. The Sixth and Fourteenth Amendments require that the defendant must make a knowingly, voluntary and intelligent election to defend himself, and waive the assistance of counsel. The United States Supreme Court recited the requirements of this waiver, in Van Moltke v. Gillies (1948), 332 U.S. 708, 723:

> "* * * This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.' To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.
> * * *"

The record in this case discloses no such investigation by the trial court, and certainly discloses no desire by Woods to represent himself or be without counsel. See also Greene v. Brigano (S.D. Ohio 1995), 904 F. Supp. 675, 680, affirmed Greene v. Brigano (1997), 123 F.3d. 917. The transcript does not show that Woods waived his right to a timely appeal or the right to appellate counsel.

The delay in filing a motion for delayed appeal should not provide a basis for denying this motion. A delayed appeal can be granted regardless of the time that has passed. A delayed appeal was granted eight years after the appellant's conviction when he had not knowingly and intelligently waived his right to an appeal. State v. Ross (August 11, 1994), Columbiana App. No. 93-C-73, unreported, 1994 WL 424063. A

A-13

delayed appeal was granted almost five years later in a plea appeal. State v. Smith (June 13, 1996), Columbiana App. No. 93-C-69, unreported, 1996 WL 331112. In the Hines case, the court held that App. R. 5(A) requires only that an appellant state the reasons that a timely appeal was not filed and that the reasons given by the appellant in that case, which were similar to the ones given by Woods, were sufficient to permit a delayed appeal. State v. Hines (January 12, 1995) Franklin App. No. 94APA10-1428, unreported, 1995 WL, 12105; State v. Robinson (1995), 101 Ohio App.3d 238, 655 N.E.2d 276.

The new Appellate Rule 5(A) would apply to this case. State v. Robinson (1995), 101 Ohio App.3d 238, 655 N.E.2d 276. A new court created rule would have to be applied retroactively. See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, State v. Lazzaro (1996), 76 Ohio St.3d 261, 667 N.E.2d 384.

One of the purposes of the new delayed appeal rule was to end collateral litigation and focus on the merits of the appeal:

> The 1994 amendment deletes a requirement that persons seeking leave to file a delayed appeal in criminal cases must set forth the errors claimed to have occurred and the evidence relied upon to show the probability that the errors claimed did in fact occur.
>
> Although there was also concern about the fairness of requiring usually indigent, and frequently unrepresented, criminal defendants to demonstrate (often without the benefit of a transcript) the probability of error, the primary reason for this amendment is judicial economy. Denial of leave to file a delayed appeal for failure to demonstrate the probability of error usually leads to subsequent litigation of the issue by direct appeals to the Ohio and United States Supreme Courts, petitions to vacate sentence under R.C. 2953.21 et seq., and appeals thereon, and/or federal habeas corpus petitions and appeals. Review of the merits by the courts of appeals upon the initial direct (albeit delayed) appeal would thus avoid the

A-14

> presentation of the probability of error issue to as many as nine subsequent tribunals. The amendment leaves intact the requirement that the would-be appellant set forth reasons for having failed to perfect a timely appeal. The current standard for waiver of the right to appeal is set forth in State v. Sims (1971), 27 Ohio St. 2d 79.

1994 Committee notes to Appellate Rule 5(A). The defendant does not need to demonstrate specific errors to justify the reinstatement of an appeal. Rodriquez v. United States (1969), 395 U.S. 327, 330. Federal courts have also consistently held, that a defendant who loses his right to direct appeal through dereliction of counsel is entitled to new appeal without first showing meritorious appellate issues. See, Bonneau v. United States (1st Cir. 1992), 961 F.2d 17; Fern v. Gramley (7th Cir. 1996), 99 F.3d 255. The underlying merits of an appeal have no bearing on the question of restoring fundamental appellate rights where they have been wrongfully denied. Sutton v. Lash (7th Cir. 1978), 576 F.2d 738.

The current rule does not distinguish between one day after the deadline or fifty years. This court should grant a broad reading to the rule so appeals are not further delayed by needless collateral litigation. The length of delay should only be considered later if the appellate record was incomplete. See State v. Jones (1994), 71 Ohio St.3d 293, 643 N.E.2d 547. The right to a delayed appeal must focus on whether or not the defendant waived his/her appellate rights and not on the articulation of reasons for the delay. Woods did not waive his right to appeal, but relied on his trial attorney.

WHEREFORE, Woods respectfully requests this Court to grant his motion for leave to file a delayed appeal so that the merits of his case may be briefed and argued.

A-15

Respectfully submitted,

_____
DAVID H. BODIKER (#0016590)
OHIO PUBLIC DEFENDER

_____
THOMAS R. WETTERER, JR. (#0020980)
SENIOR STAFF ATTORNEY
(Counsel of Record)
OFFICE OF THE OHIO PUBLIC DEFENDER
8 East Long Street - 11th floor
Columbus, Ohio 43215
(614) 466-5394
(614) 752-5167 (Fax)

COUNSEL FOR DEFENDANT,
BRUCE WOODS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing MOTION FOR LEAVE TO FILE A DELAYED APPEAL was sent by US mail postage pre-paid to David Stevenson, Assistant Hamilton County Prosecutor, 1000 Main Street, #411, Cincinnati, Ohio 45202 on this 26th day of August, 1998.

_____
THOMAS R. WETTERER, JR. #0020980
Senior Staff Attorney

COUNSEL FOR DEFENDANT-APPELLANT

#73958

A-16