2004 U.S. App. LEXIS 1194, *

JEFFREY GRANGER, Petitioner-Appellant, v. ROBERT L. HURT, Respondent-Appellee.

No. 02-3088

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

2004 U.S. App. LEXIS 1194

January 23, 2004, Filed



**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO. 01-00431. Marbley. 12-17-01. Granger v. Hurt, 2003 U.S. App. LEXIS 25719 (6th Cir. Ohio, Dec. 3, 2003)

**DISPOSITION:** Judgment of district court REVERSED and Granger's habeas petition REMANDED for consideration on merits.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Petitioner inmate sought review of a judgment from the United States District Court for the Southern District of Ohio, which dismissed his 28 U.S.C.S. § 2254 petition for federal habeas corpus relief as barred by the one-year statute of limitations set forth in 28 U.S.C.S. § 2244.

**OVERVIEW:** The inmate thought counsel was appealing his state conviction and did not discover otherwise until two months past the filing deadline. The inmate filed a motion for a delayed direct appeal, which was denied. Nearly one year later, he filed the instant petition claiming he was denied the right to appeal and the right to effective assistance of counsel. On appeal, the court held that the inmate had reason to believe that counsel was filing an appeal, and due diligence did not require him to ensure that counsel had done so on the same day that the inmate's conviction became final absent an appeal. The two months that the inmate waited before inquiring about his appeal was reasonable under the circumstances, and thus, pursuant to § 2244(d)(1)(D), the limitations period began to run when the inmate received counsel's letter stating that no appeal had been filed. The limitations period was tolled pursuant to § 2244(d)(2) from the time that the inmate filed his motion for a delayed direct appeal until the conclusion of the time in which he could have petitioned for certiorari with the United States Supreme Court. Thus, the habeas petition was timely filed under § 2244(d)(1)(D).

**OUTCOME:** The court reversed the judgment of the district court and remanded the cause to the district court for consideration of the inmate's habeas petition on the merits.

**CORE TERMS:** statute of limitations, habeas petition, delayed, factual predicate, diligence, limitations period, one-year, tolling, tolled, writ of habeas corpus, notice of appeal, collateral review, equitable tolling, failure to file, right to appeal, failed to file, de novo, ineffective-

assistance, post-conviction, learning, resumed, counters, expired, ran, claims presented, direct review, expiration, impediment

## LexisNexis (TM) HEADNOTES - Core Concepts - Hide Concepts

Criminal Law & Procedure > Habeas Corpus > Standards of Review
Criminal Law & Procedure > Appeals > Standards of Review > De Novo Review
HN1 ± A district court's denial of a writ of habeas corpus is reviewed de novo. To the extent that the district court made factual findings without conducting an evidentiary hearing, those findings are also reviewed de novo.  More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Habeas Corpus Procedure
HN2 ± Where an inmate's habeas petition was filed after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act, the provisions of that act apply.  More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Governments > Legislation > Statutes of Limitations > Time Limitations
HN3 ± The Antiterrorism and Effective Death Penalty Act establishes a one-year statute of limitations for habeas petitions.  More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Governments > Legislation > Statutes of Limitations > Time Limitations
Governments > Legislation > Statutes of Limitations > Tolling
HN4 ± See 28 U.S.C.S. § 2244.

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Governments > Legislation > Statutes of Limitations > Time Limitations
Governments > Legislation > Statutes of Limitations > Tolling
HN5 ± The plain language of 28 U.S.C.S. § 2244 indicates that both § 2244(d)(1)(B) and § 2244(d)(1)(D) involve the commencement of the limitations period rather than the tolling of a period already begun. Some courts, however, have referred to these sections as providing mechanisms for "tolling."  More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Governments > Legislation > Statutes of Limitations > Time Limitations
Governments > Legislation > Statutes of Limitations > Tolling
HN6 ± The United States Court of Appeals for the Sixth Circuit has repeatedly referred to a habeas petitioner's 28 U.S.C.S. § 2244(d)(1)(B) argument as one involving "equitable tolling."  More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Governments > Legislation > Statutes of Limitations > Time Limitations
HN7 ± Under 28 U.S.C.S. § 2244(d)(1)(D), a habeas petition may be filed within one year from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Governments > Legislation > Statutes of Limitations > Time Limitations
HN8 ± 28 U.S.C.S. § 2244(d)(1)(D) does not require the maximum feasible diligence, only due, or reasonable, diligence.  More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Governments > Legislation > Statutes of Limitations > Time Limitations
In the context of 28 U.S.C.S. § 2244(d)(1)(D), due diligence plainly does not

HN9 ⬥ require an inmate to check up on his counsel's pursuit of an appeal on the very day on which the inmate's conviction became final absent an appeal. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Habeas Corpus Procedure
HN10 ⬥ Ohio R. App. P. 5(A) motions are treated as part of collateral review. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Criminal Law & Procedure > Habeas Corpus > Habeas Corpus Procedure
Governments > Legislation > Statutes of Limitations > Time Limitations
Governments > Legislation > Statutes of Limitations > Tolling
HN11 ⬥ Motions for delayed appeal are not part of direct review and toll, rather than restart, the one-year statute of limitations for habeas petitions. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Governments > Legislation > Statutes of Limitations > Time Limitations
Governments > Legislation > Statutes of Limitations > Tolling
HN12 ⬥ The United States Court of Appeals for the Sixth Circuit has held that under 28 U.S.C.S. § 2244(d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking United States Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case. More Like This Headnote

**COUNSEL:** For JEFFREY ALLEN GRANGER, Petitioner - Appellant: Theresa G. Haire, Public Defender's Office, Columbus, OH.

For ROBERT HURT, Respondent - Appellee: M. Scott Criss, Asst. Atty. General, Thelma Thomas Price, Office of the Attorney General, Columbus, OH.

**JUDGES:** Before: BOGGS, Chief Judge; GILMAN, Circuit Judge; and DOWD, District Judge. *

* The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

**OPINIONBY:** RONALD LEE GILMAN

**OPINION:** REVISED OPINION

**RONALD LEE GILMAN, Circuit Judge.** This appeal concerns the appropriate application of the one-year **[*2]** statute of limitations governing federal habeas corpus relief sought pursuant to 28 U.S.C. § 2254. The district court's Certificate of Appealability (COA) states the question as "whether the running of the statute of limitations period was tolled during the two-month period between the entry of judgment of conviction and petitioner's learning that his trial attorney had not filed a notice of appeal." A negative answer was rendered by the district court. For the reasons set forth below, we **REVERSE** the judgment of the district court and **REMAND** for consideration of Granger's habeas petition on the merits.

**I. BACKGROUND**

On April 13, 1999, Jeffrey Granger was convicted in the Court of Common Pleas for Pickaway County, Ohio on separate counts of robbery, theft, and abduction. He was sentenced to a

term of seven years' imprisonment to be followed by five years of supervised release. Granger's conviction was not appealed within the time allowed by Ohio law. According to Granger, he was under the impression that his trial counsel was appealing his conviction, and he did not discover otherwise until he called to check on the status of his appeal two **[*3]** months past the filing deadline.

Upon learning that his conviction had not been appealed, Granger filed a motion for a delayed direct appeal pursuant to Ohio Appellate Rule 5(A) on September 14, 1999. That motion was denied by the Ohio Court of Appeals on January 7, 2000. Granger then filed a motion for leave to appeal to the Supreme Court of Ohio, which was denied on May 17, 2000. Nearly one year later, on May 8, 2001, Granger filed a petition for a writ of habeas corpus, claiming that he had been denied both his right to appeal and to the effective assistance of counsel because of his attorney's failure to file an appeal. The district court dismissed Granger's habeas petition on the ground that he had failed to file the petition within the one-year statute of limitations.

## II. ANALYSIS

### A. Standard of review

HN1 A district court's denial of a writ of habeas corpus is reviewed de novo. *McQueen v. Scroggy,* 99 F.3d 1302, 1310 (6th Cir. 1996). To the extent that the district court made factual findings without conducting an evidentiary hearing, those findings are also reviewed de novo. *Northrop v. Trippett,* 265 F.3d 372, 377 (6th Cir. 2001). **[*4]**

HN2 Because Granger's habeas petition was filed after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the provisions of that act apply. *Ford v. Curtis,* 277 F.3d 806, 808 (6th Cir. 2002). AEDPA HN3 establishes a one-year statute of limitations for habeas petitions, providing in pertinent part as follows:

> HN4 (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) **[*5]** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

**B. Scope of the COA**

The state contends that several of Granger's arguments on appeal fall outside the scope of the COA. According to the state, the district court's language framing the issue certified on appeal makes clear that the only issue before us is whether to apply equitable tolling under § 2244(d)(1)(A). Granger counters, however, that the district court's statement of the issue allows us to consider his arguments raised under § 2244(d)(1)(B) and (D) as well. We agree with the state that <sup>HN5</sup>the plain language of the statute indicates that both § 2244(d)(1)(B) and (D) involve the commencement of the limitations period rather than the tolling of a period already begun. Some courts, however, have referred to these sections as providing **[*6]** mechanisms for "tolling." See, e.g., Wims v. United States, 225 F.3d 186, 189-90 (2d Cir. 2000) ("The district court interpreted the section as if it provided a ground for tolling of the limitations period, rather than as defining the time when the limitations period began.") In fact, in an unpublished decision, <sup>HN6</sup>this court repeatedly referred to a habeas petitioner's § 2244(d)(1)(B) argument as one involving "equitable tolling." Dolphin v. Garraghty, 2001 WL 1450699 (6th Cir. Nov. 8, 2001). We are reluctant, in light of this confusion, to assume that the district court's use of the word "tolling" in the question certified in this case precludes us from considering Granger's § 2244 (d)(1)(B) and (D) arguments.

In addition, even if the district court did intend to deny a COA as to Granger's § 2244 (d)(1)(B) and (D) claims, this court would construe the filing of the notice of appeal as a request for a COA as to those issues raised below but not certified. Kincade v. Sparkman, 117 F.3d 949, 953 (6th Cir. 1997). We will therefore consider Granger's § 2244 (d)(1)(B) and (D) arguments on the merits.

**C. Granger's § 2244 (d)(1)(D) [*7] argument**

<sup>HN7</sup>Under § 2244 (d)(1)(D), a habeas petition may be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Granger asserts that the factual predicate for his ineffective-assistance claim occurred when he became aware in early August of 1999 that his lawyer had failed to file a timely notice of appeal. The state counters that the factual predicate of his claim was established at trial when Granger was informed of his right to appeal. We find the state's logic unpersuasive. Because Granger's ineffective-assistance claim is based upon his counsel's failure to file a timely appeal, he clearly could not have been aware of this failure at the close of trial.

The district court, on the other hand, held that Granger could have discovered the factual predicate of his claim on May 13, 1999, the date when the time for filing his notice of appeal expired. Although we acknowledge that Granger *could* have discovered his counsel's failure on that date, to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking **[*8]** to appeal. See Wims v. United States, 225 F.3d 186, 190 n. 4 (2d Cir. 2000) (holding that a five-month delay in discovering that no appeal was filed was not unreasonable, and stating that <sup>HN8</sup>"the statute does not require the maximum feasible diligence, only 'due,' or reasonable, diligence.")

In the present case, Granger had reason to believe that his family had discussed an appeal with his attorney and that, pursuant to this conversation, his attorney was filing an appeal. We agree with the Second Circuit that <sup>HN9</sup>"due diligence plainly did not require [Granger] to

check up on his counsel's pursuit of an appeal on ... the very day on which [Granger's] conviction became final absent an appeal." *Id.* The two months that Granger waited before inquiring about his appeal was, under the circumstances, not unreasonable.

Because we find that Granger's waiting for two months to inquire about the status of his appeal was not beyond "the exercise of due diligence" under § 2244 (d)(1)(D), the statute of limitations began to run when he received his attorney's August 4, 1999 letter informing him that no appeal had been filed. Nothing in the record indicates when Granger received **[*9]** this letter. Assuming that Granger received the letter the following day, the factual predicate of his claim became known to him on August 5, 1999, thus triggering the one-year statute of limitations for filing his habeas petition. This would mean that 40 days of the 365-day limitations period had expired when Granger filed his Rule 5(A) motion for a delayed appeal on September 14, 1999 (the time between August 5, 1999 and the filing of his motion). Rule 5(A) <sup>HN10</sup> motions are treated as part of collateral review, *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001) (holding that <sup>HN11</sup> motions for delayed appeal are not part of direct review and toll, rather than restart, the one-year statute of limitations). The statute of limitations was therefore tolled while Granger pursued his delayed appeal motion pursuant to § 2244(d)(2).

At the conclusion of Granger's attempted delayed appeal, the statute resumed running and ran until Granger filed his habeas petition on May 8, 2001. The parties disagree about whether the limitations period resumed when the Ohio Supreme Court dismissed his motion for a delayed appeal on May 17, 2000, or if Granger should receive credit for the 90 days **[*10]** during which he could have filed a petition for certiorari with the United States Supreme Court. In a recent *en banc* decision, <sup>HN12</sup> this court held that "under section 2244 (d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela v. Martin,* 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc). In light of *Abela,* the statute of limitations was tolled for the 90 days during which Granger could have petitioned for certiorari. Thus, the clock ran for 40 days before Granger's delayed appeal and for only 266 days after the expiration of the period for seeking certiorari (from August 15, 2000 until May 8, 2001), for a total of 306 days. His habeas petition was therefore timely.

Because we hold that Granger's habeas petition was timely filed under § 2244(d)(1)(D), we do not consider his "impediment" argument under § 2244 (d)(1)(B).

## VII. CONCLUSION

For all of the reasons set forth **[*11]** above, we **REVERSE** the judgment of the district court and **REMAND** for consideration of Granger's habeas petition on the merits.

Service: **Get by LEXSEE®**
Citation: **2004 U.S. App. LEXIS 1194**
View: Full
Date/Time: Tuesday, April 20, 2004 - 8:24 AM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.