20 Fed. Appx. 373, *; 2001 U.S. App. LEXIS 20939, **

ERNEST BROWN, Petitioner-Appellant, v. UNITED STATES OF AMERICA, Respondent-Appellee.

No. 01-1481

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

20 Fed. Appx. 373; 2001 U.S. App. LEXIS 20939

September 21, 2001, Filed

**NOTICE:** [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** Eastern District of Michigan. 99-75266. Cohn. 01-13-00.

**DISPOSITION:** Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Appellant pro se federal prisoner appealed from an order of the United States District Court for the Eastern District of Michigan, which denied his 28 U.S.C.S. § 2255 motion.

**OVERVIEW:** The district court denied the inmate's 28 U.S.C.S. § 2255 motion as untimely, concluding that no extraordinary circumstance existed that would allow for § 2255 relief. In his timely appeal, the inmate argued: (1) that equitable tolling applied, (2) that counsel was ineffective in failing to file a notice of appeal, and (3) that the district court erred by not conducting an evidentiary hearing. On appeal, the court held that the motion was untimely. The inmate's 90 days in transit after his sentencing hearing did not explain his lack of diligence in filing his § 2255 motion during the nine-month period that remained open to him to file timely, and the inmate offered no explanation for his failure to file during this period. Finally, to the extent that the inmate claimed that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this did not qualify for equitable tolling because the inmate failed in his duty to monitor the status of his appeal. The court refused to rule on the remaining issues.

**OUTCOME:** Judgment was affirmed.

**CORE TERMS:** limitations period, equitable tolling, direct review, notice of appeal, direct appeal, ineffective, one-year, failing to file, statute of limitations, judgment of conviction, filing requirement, de novo, enumerated, prisoner, starting, expired, movant, marker, evidentiary hearing, defense counsel, failed to file, began to run, appealability, certificate, untimely, transit, ninety

**LexisNexis (TM) HEADNOTES - Core Concepts -** Hide Concepts

Governments > Courts > Authority to Adjudicate
HN1 Courts should avoid unnecessary adjudication of constitutional



issues. More Like This Headnote

Governments > Courts > Authority to Adjudicate
HN2± If a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, a court will decide only the latter. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Appeals
HN3± An appellate court reviews de novo a district court's determination that a 28 U.S.C.S. § 2255 motion was filed outside of the applicable statutory limitations period. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
HN4± Under the Antiterrorism and Effective Death Penalty Act, a federal prisoner has one year to file a 28 U.S.C.S. § 2255 motion. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
HN5± For the purposes of the limitations period of 28 U.S.C.S. § 2255, a conviction becomes final at the conclusion of direct review. If a § 2255 movant pursues direct review through to a petition for certiorari in the U.S. Supreme Court, direct review concludes when the U.S. Supreme Court either denies the petition for certiorari or decides the case. If a § 2255 movant has not taken a direct appeal, direct review is final upon the entry of the judgment of conviction, or 10 days thereafter. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
HN6± If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
HN7± The one-year limitations period of 28 U.S.C.S. § 2255 is subject to equitable tolling. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
Criminal Law & Procedure > Appeals > Standards of Review > De Novo Review
HN8± If a district court determines as a matter of law that equitable tolling does not apply to the one-year limitations period of 28 U.S.C.S. § 2255, an appellate court reviews that decision de novo. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations
HN9± In determining whether equitable tolling of the one-year limitations period of 28 U.S.C.S. § 2255 is appropriate, a court must consider: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Enumerated factor four, the prejudice-to-the-respondent factor, may only be considered if other factors of the test are met. More Like This Headnote

Criminal Law & Procedure > Counsel > Right to Counsel > Postconviction Appeals
HN10± A petitioner possesses no right to counsel in the prosecution of a 28 U.S.C.S. § 2255 motion. More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Time Limitations

HN11 Ignorance of the one-year limitations period of 28 U.S.C.S. § 2255 does not toll the limitations period. More Like This Headnote

**COUNSEL:** ERNEST BROWN, Petitioner - Appellant, Pro se, Bradford, PA.

For UNITED STATES OF AMERICA, Respondent - Appellee: Janice V. Terbush, Office of the U.S. Attorney, Detroit, MI.

**JUDGES:** Before: KENNEDY, GUY, and BOGGS, Circuit Judges.

**OPINION:** [*373]

ORDER

Pro se federal prisoner Ernest Brown appeals a district court order that denied his 28 U.S.C. § 2255 motion. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R. App. P. 34(a).

Brown pleaded guilty to a charge of distribution of cocaine base. In a judgment entered on June 2, 1998, the district court sentenced Brown to 108 months of imprisonment to be followed by four years of supervised release. Brown did not [**2] take a direct appeal.

On October 27, 1999, Brown filed the instant § 2255 motion, claiming: (1) that defense counsel was ineffective in failing to file a notice of appeal after Brown asked him to challenge the district court's determination that he was not a minor participant; (2) that the district court erred by concluding that he was not a minor participant; and (3) that the one-year limitations period of § 2255 is subject to equitable tolling in this case because--(a) counsel failed to file a notice of appeal after Brown requested counsel to do so, (b) Brown was "in transit" to his place of incarceration for ninety days after the sentencing hearing, and (c) defense counsel changed addresses and his office would not accept Brown's collect telephone calls.

[*374] The district court denied Brown's § 2255 motion as untimely, concluding that no extraordinary circumstance existed that would allow for § 2255 relief. Brown thereafter moved the district court to issue a certificate of appealability. In response, the district court filed an order stating:

> Petitioner is entitled to a certificate of appealability on his claim that his counsel was ineffective for failing to file a notice [**3] of appeal and that he was entitled to an evidentiary hearing on the conflict between his assertion that he directed counsel to appeal and counsel's statement that he was not so instructed. Petitioner is also entitled to appellate review of his claim that the one year period of limitations was equitably tolled in the circumstances of this case.

In his timely appeal, Brown contends: (1) that equitable tolling applies in this case, (2) that counsel was ineffective in failing to file a notice of appeal, and (3) that the district court erred by not conducting an evidentiary hearing. Both parties have filed briefs.

As an initial matter, we will not review Brown's enumerated issues two and three. Regarding issue two, Supreme Court precedent makes it clear that HN1 courts should avoid unnecessary adjudication of constitutional issues. *Ashwander v. TVA*, 297 U.S. 288, 347, 80

Get a Document - by Citation - 20 Fed Appx. 373
Case 1:00-cv-00803-SAS-TSB    Document 50-18    Filed 04/23/2004    Page 4 of 5
Page 4 of 5

L. Ed. 688, 56 S. Ct. 466 (1936) (Brandeis, J., concurring) ("*HN2* If a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter."). Where a statutory or nonconstitutional basis [**4] exists for reaching a decision, as it does here, it is not necessary to reach the constitutional issue. See, e.g., *Montenegro v. United States*, 248 F.3d 585, 595-96 (7th Cir. 2001) (avoiding the question of the constitutionality of the statute of limitations of § 2255). The legal question embodied in issue three is rendered moot by our finding below that Brown failed to file his § 2255 motion in a timely fashion.

*HN3* We review de novo a district court's determination that a § 2255 motion was filed outside of the applicable statutory limitations period. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir. 1999) (a 28 U.S.C. § 2254 case). *HN4* Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal prisoner has one year to file a § 2255 motion. The one-year period runs from the latest of four possible starting markers, see § 2255(1)-(4); in this case, the relevant marker is the date on which Brown's judgment of conviction became final. *HN5* For the purposes of the limitations period of § 2255, "a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001) [**5] (citing *United States v. Torres*, 211 F.3d 836, 839 (4th Cir. 2000)). If a § 2255 movant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Id.* If a § 2255 movant has not taken a direct appeal, direct review is final upon the entry of the judgment of conviction, see *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (citing *Torres*, 211 F.3d at 837), or ten days thereafter. See *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (stating that "*HN6* if a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")

The district court concluded that the one-year period in which Brown was required to seek § 2255 relief expired on June 9, 1999, ten days after the date the judgment was filed. Under *Sanders*, the [*375] statute of limitations began to run on June 2, 1998. Under *Kapral*, it began to [**6] run on June 12, 1998. With any of the possible starting points--or even with the ninety-day period for filing a petition for certiorari added to the ten day period for taking a direct appeal--Brown's motion was untimely.

*HN7* The one-year limitations period of § 2255 is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1004, 1007 (6th Cir. 2001). *HN8* If a district court determines as a matter of law that equitable tolling does not apply, this court reviews that decision de novo. *Id.* at 1007 & n.2. *HN9* In determining whether equitable tolling of a limitations period is appropriate, a court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* at 1008 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). Enumerated factor four, the prejudice-to-the-respondent factor, may only be considered if other factors [**7] of the test are met. See *Andrews*, 851 F.2d at 151.

Brown has failed to establish any basis for equitable tolling. *HN10* Ineffective assistance from counsel does not apply in this context, because Brown possessed no right to counsel in the prosecution of a § 2255 motion. See *Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987). His ninety days in transit do not explain his lack of diligence in filing his § 2255 motion during the nine-month period that remained open to him to file timely, see *Dunlap*, 250 F.3d at 1010, and Brown offers no explanation for his failure to file during this period. *HN11* Ignorance of the limitations period does not toll the limitations period. See *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999) (in direct criminal

Get a Document - by Citation - 20 Fed. Appx. 373
Case 1:00-cv-00803-SAS-TSB    Document 50-18    Filed 04/23/2004    Page 5 of 5
Page 5 of 5

appeal, court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law), *cert. denied*, 528 U.S. 1197, 146 L. Ed. 2d 117, 120 S. Ct. 1262 (2000). And finally, to the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify **[**8]** because Brown failed in his duty to monitor the status of his appeal. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (§ 2254 case), *cert. denied*, 529 U.S. 1057, 146 L. Ed. 2d 467, 120 S. Ct. 1564 (2000).

For these reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Service: **Get by LEXSEE®**
Citation: **2001 U.S. App. LEXIS 20939**
View: Full
Date/Time: Tuesday, April 20, 2004 - 8:37 AM EDT

* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.