IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| BRUCE WOODS, | : | |
| Petitioner, | : | Case No. 1:00 CV 803 |
| -vs- | : | Judge Spiegel |
| WANZA JACKSON, WARDEN, | : | Magistrate Judge Perelman |
| Respondent. | : | |

**PETITIONER WOODS' MEMORANDUM IN OPPOSITION TO
RESPONDENT'S MOTION TO DISMISS**

**I.    Overview**

Without citing the applicable rule, Respondent advances an internally inconsistent Motion to Dismiss under Fed. R. Civ. P. 12(c).  Respondent opens with the declaration that "the matters at issue can properly be resolved on the face of the pleadings" (Motion to Dismiss p. 2), then contradicts herself by relying on information acquired during discovery to support her motion.  Information acquired during discovery constitutes matters outside the pleadings and removes this motion from the reach of Rule 12(c).  See Rubert-Torres v. Hospital San Pablo, Inc., 205 F.3d 472 (1st Cir. 2000) (Rule 12(c) motion converted into a summary judgment motion when movant relied on report obtained during discovery).

This Court should exclude consideration of matters outside the pleadings and deny the motion because Respondent is not legally entitled to a judgment in her favor based on the pleadings.  In the alternative, this Court should convert the motion into a summary judgment motion and deny it because Respondent fails to "show that there is no genuine issue as to any material fact," or that she is entitled to judgment as a matter of law.  Fed. R. Civ. P. 12(c) and 56(c).  Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Respondent's Motion to Dismiss should be denied for the same reason that Petitioner's Motion for Discovery should be granted: the material facts at issue require further development consistent with the law of this case.

## II. Hyperbole v. Argument

Respondent presents a series of declarations, not cogent arguments based on proven facts. Boiled down to its base, Respondent simply declares that Petitioner loses due to the time between his sentencing and when he contacted the Ohio Public Defender's Office (OPD).

Respondent presents her argument with pretended surprise and indignation, saying things like "Mr. Woods has finally been candid regarding his efforts to secure a direct appeal," and "[a]s it turns out, Mr. Woods' arguments to this Court were misleading because Mr. Woods did not inform this Court that he waited 19 months after he was sentenced to seek an appeal." Motion to Dismiss, pp. 2, 3 (Respondent sprinkles similar intemperate comments throughout her motion). Petitioner never misled this Court. Respondent's unfounded attempts to sully Petitioner with less than subtle name-calling do nothing to sharpen the issues or support her motion.

## III. Procedural History Compels Further Factual Development

On February 19, 2004, the Sixth Circuit remanded Petitioner's case "for the district court to develop the factual record regarding Woods' entitlement to equitable tolling." Woods v. Brigano, Case No. 02-4264, 2004 U.S. App. Lexis 3344, *6-7 (6th Cir). On March 9, 2004, Judge Spiegel referred "this matter to the assigned Magistrate Judge to hold an evidentiary hearing to develop the factual record as contemplated by the Sixth Circuit's order remanding the case to this Court." Order 3-9-04 p. 3. If these courts thought that the equitable tolling issue

could be resolved on the face of the pleadings, they would have ordered further factual development.

In preparation for an evidentiary hearing, each party requested discovery from the other. Petitioner answered Respondent's discovery requests; Respondent answered Petitioner's requests for documents (*i.e.*, Petitioner's prison records), but objected to Petitioner's request for permission from this Court to depose his trial counsel. While it is no doubt true that Petitioner's discovery disclosures bear on the issues to be resolved, they do not, on their face, resolve any issues in Respondent's favor.

To the contrary, the records Petitioner disclosed prove that he and his counsel acted in ways that entitled Petitioner to equitable tolling for the period of time from when he first contacted OPD through the time when OPD filed Petitioner's motion for delayed appeal. The law of this case entitles Petitioner to legal tolling for the time between the denial of certiorari and the filing of his habeas petition. Woods v. Brigano, 2004 U.S. App. Lexis 3344, *4.

What remains is the development of facts from the time Petitioner was sentenced until he first contacted OPD. His affidavit and prison records speak to this period of time, as would the depositions of his trial counsel, which Petition requested in his motion for discovery.

**IV.    Genuine Issues As To Material Facts Preclude Summary Judgment**

Respondent incorrectly declares that case law dictates the denial of equitable tolling without reference to any fact other than the number of days between his sentencing and his first contact with OPD. Respondent cites no case on point to justify this bald declaration.

What the cases teach is the need to analyze the unique facts in an equitable tolling case to determine whether, as here, the Petitioner is entitled to equitable tolling. Respondent's assertions

of "fact" – both the accurate and inaccurate ones – expose the error of her position and argue against her own motion by exposing the need for further factual development:

A.  "As it turns out, Mr. Woods arguments to this Court were misleading because Mr. Woods did not inform this Court that he waited 19 months after he was sentenced to seek an appeal." Motion to Dismiss p. 3. Respondent knows that is not true. She contradicts this statement by saying, "In his Motion for Delayed Appeal, Mr. Woods informed the court of appeals that he consulted with his attorney, Mr. Perkins, and requested an appeal." Motion to Dismiss p. 5. And it is contradicted by Petitioner's affidavit, which Respondent attached to her motion (Exhibit 11)[*], in which he says that he told his trial attorney to file an appeal and thought his trial attorney had in fact prosecuted a timely appeal for him. Exactly what Mr. Perkins did or did not do constitutes material facts that remain at issue and need further development (which is why Petitioner seeks permission to depose him).

B.  "At the conclusion of the sentencing hearing, Bryan Perkins, Mr. Woods' trial counsel informed the court that he would further advise Mr. Woods regarding his right to appeal." Motion to Dismiss p. 4; Respondent's Exhibit No. 2, p. 15. Respondent assumes that a follow-up conversation occurred; but did it? If it did, what was said? These material facts remain at issue and need further development.

C.  "[Mr. Woods] did not retain Mr. Perkins for appeal like he did for trial …." Motion to Dismiss p. 4. "[Mr. Woods] did not accept the trial court's offer to provide him counsel, and he did not retain his trial counsel to represent him on appeal." Motion to Dismiss p. 10. Where are the "facts" to support and explain these assertions? What did or did not transpire between Mr. Woods and his trial counsel are material facts that remain at issue and need further development, not self-serving speculations.

D.  Curiously, Respondent omits a point at this juncture that she made in writing and during oral argument in the Sixth Circuit when she claimed that Petitioner's trial counsel filed a timely notice of appeal. Exhibit A (Warden Brigano's Response To Bruce Woods' Motion To Disqualify Counsel, p. 5-6). It turns out that Respondent was only half right: Mr. Perkins did file a notice of appeal; but he filed it under the wrong case number, then let it die on the vine for want of prosecution. Petitioner was initially indicted under Case No. B9600345, which was eventually dismissed. Exhibit B. He was re-indicted and convicted under Case No. B9601386. Exhibit C. Mr. Perkins filed a notice of appeal in the first, dismissed case number. Exhibit D (Hamilton County Court of Appeals Case No. C9600545). When Mr. Perkins initiated this errant action, he had Petitioner declared

---

[*] In lieu of attaching another copy of his affidavit hereto, and in order to avoid the confusion of having the same document referred to by different exhibit numbers, Petitioner relies on Respondent's copy of his affidavit to support his Memorandum In Opposition to Respondent's Motion to Dismiss. Likewise, in lieu of attaching and re-numbering the following documents, Petitioner supports his arguments here with the following exhibits attached to Respondent's motion: Exhibits 2, 3, 4, 5, 6, 7, 8, 9, 10

    indigent to excuse him from the need to pay costs.  The docket reflects no further action to obtain a transcript at the court's cost or appointed counsel for an indigent criminal appellant.  On their face, these facts entitled Petitioner to equitable tolling.  In the alternative, given the law of this case, Petitioner's discovery motion should be granted so he can depose Mr. Perkins to further develop these material facts.

E. "Mr. Woods was intentionally vague in his affidavit regarding exactly when he began to monitor his appeal and specifically when he first sought aid in pursuing his appeal."  Motion to Dismiss p. 5.  How does Respondent know Mr. Woods' intentions?  Presumably, Respondent does know that argumentative speculations do not constitute "facts" in support of her motion to dismiss.

F. "Mr. Woods has never address (*sic*) his own lack of diligence in monitoring his direct appeal, seeking a delayed appeal or pursuing habeas relief."  Motion to Dismiss p. 8.  Nonsense.  Mr. Woods addressed and explained his circumstances in his affidavit, which proves that he was diligent.  Respondent's Exhibit 11.  Petitioner's prison records corroborate his affidavit.  Exhibit E (Portions of Petitioner's prison record relating primarily to mental health issues, not intended to be exhaustive at this stage).  While Respondent is free to contest Petitioner's facts if she can, she cannot accurately assert that he never addressed what transpired between the date of his sentencing and when he contacted OPD.  Respondent puts these facts at issue by declaring her opposition, thereby defeating her own motion.

G. "Mr. Woods certainly had the ability to monitor the status of his own appeal; he in fact did so …."  Motion to Dismiss p. 10.  The fact that Mr. Woods eventually figured out that no appeal had been prosecuted does not, without more facts, prove the proposition that he should have reached this conclusion earlier.

H. "Mr. Woods had an obligation to monitor his own appeal, so even if his trial counsel dropped the ball and did not file his appeal, it [*i.e.*, counsel's ineffectiveness] still does not explain why Mr. Woods did nothing for 600 days after sentencing."  Motion to Dismiss p. 11.  This assertion does no more than highlight the importance of determining the extent to which attorney Perkins' acts or omissions make Mr. Woods' conduct reasonable for purposes of equitable tolling.  The record as it stands does not support a simplistic conclusion in Respondent's favor on these contested, material facts.

I. "The Public Defender promptly responded to Mr. Woods [first letter for help]…."  Motion to Dismiss p. 4; Respondent's Exhibit Nos. 3 through 9.  Got that one right.

J. "The amount of time it took the Public Defender to review Mr. Woods' case and decide to represent him was reasonable."  Motion to Dismiss p. 12-13; Respondent's Exhibit Nos. 3 through 9.  Right again.

K. "It takes time to amass an old state-court record … but the further delay of 94 days in filing a pro forma Motion for Delayed Appeal was not reasonable."  Motion to Dismiss p. 13; Respondent's Exhibit Nos. 8, 10, 11.  Wrong again.  This argument does not entitle

5

    Respondent to a finding in her favor. At most, it puts at issue the facts surrounding this time period. While Petitioner does not agree that this period of time was unreasonable, since Respondent wants to make an issue of it, her motion must be dismissed for further factual development on this matter.

L. "Despite the fact that Mr. Woods' petition for a writ of habeas corpus was already years late when the United States Supreme Court denied certiorari, the (*sic*) Mr. Woods, inexplicably, waited another 353 days before presenting his petition for a writ of habeas corpus to this Court …." Motion to Dismiss p. 6. "Mr. Woods waited another 353 days before filing his habeas petition. Mr. Woods was not diligent in preparing his habeas petition after the Supreme Court rejected his cert petition; he was inert." Motion to Dismiss p. 13-14. The Sixth Circuit held that Mr. Woods' was entitled to file his habeas petition within one year after the denial of certiorari, which makes this time period irrelevant to the equitable tolling issue before this Court. <u>Woods v. Brigano</u>, Case No. 02-4264, 2004 U.S. App. Lexis 3344, *4.

## V.  Conclusion

    Respondent's Motion to Dismiss should be denied. Petitioner's discovery motion should be granted.

 

                                            Respectfully submitted,

                                            DAVID H. BODIKER
                                            OHIO PUBLIC DEFENDER

                                            /s/ Gregory W. Meyers_____
                                            GREGORY W. MEYERS (0014887)
                                            Senior Assistant Public Defender
                                            Meyersg@opd.state.oh.us
                                            Trial Attorney for Petitioner

                                            and

                                            /s/ T. Kenneth Lee     _____
                                            T. KENNETH LEE (0065158)
                                            Assistant State Public Defender
                                            8 East Long St, 11th Floor
                                            Columbus, Ohio 43215
                                            Phone:  (614) 466-5394
                                            Fax:  (614) 752-3670
                                            leeken@opd.state.oh.us

                                            COUNSEL FOR PETITIONER

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing PETITIONER WOODS' MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS, along with its attachments, was filed electronically with this Court on the 7th day of May, 2004. By operation of this Court's electronic filing system, notice of this filing will be sent to Respondent's counsel, who will be able to access this filing through the Court's on-line system. In addition, a copy of the foregoing, along with the exhibits, will be sent by Regular U.S. Mail, postage prepaid, to Respondent's counsel, J. Joseph Bodine, Assistant Attorney General, Corrections Litigation Section, 150 E. Gay Street, 16th Floor, Columbus, Ohio 43215, on this 7th day of May, 2004.

/s/ Gregory W. Meyers
GREGORY W. MEYERS (0014887)
COUNSEL FOR PETITIONER

# 198370