UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bruce Woods,
    Petitioner

vs                                       Case No. 1:00cv803
                                            (Spiegel, J.; Black, M.J.)

Wanza Jackson,[1]
    Respondent

**ORDER**

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed through counsel a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's first motion for discovery (Doc. 43) and petitioner's response (Doc. 47), petitioner's motion for discovery (Doc. 48), respondent's response (Doc. 49) and petitioner's reply (Doc. 52).

**Procedural Background**

Petitioner was convicted by a jury in the Hamilton County Court of

---

[1] Petitioner initially named Anthony Brigano, the previous warden of the Warren Correctional Institution, as the respondent in this case. The warden of Warren Correctional Institution, where petitioner is still incarcerated, is now Wanza Jackson. Accordingly, the caption of this case is changed to reflect that Ms. Jackson is the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.

Common Pleas of three counts of aggravated burglary with firearm specifications, two counts of robbery and two counts of kidnapping with firearm specifications. (Doc. 4, Ex. A). On June 14, 1996, petitioner was ordered to serve an indefinite sentence of seventy-five years to one-hundred and twenty-five years with an additional twelve years for the firearm specifications. (*Id.*).

Petitioner was informed by the trial court of his right to take an appeal (Doc. 8, A-39 - A-40), but petitioner did not file a timely direct appeal within thirty days of the entry of the judgment pursuant to Ohio R. App. P. 4(A). On August 28, 1998, petitioner filed a motion for leave to file a delayed appeal pursuant to Ohio R. App. P. 5. (Doc. 4, Ex. B; Doc. 8, A-9). He alleged that he had requested that trial counsel file an appeal on his behalf. (Doc. 8, Petitioner's Affidavit at A-17). Petitioner represented that after sentencing, he did not receive any correspondence from his attorney pertaining to his appeal, and that his attorney refused his phone calls, as well as those made on his behalf. (*Id.*). He explained that he failed to promptly investigate the status of his appeal because his fellow inmates assured him that an appeal could take years. (*Id.*). When he did learn that no appeal had been taken, petitioner stated that he contacted the Public Defender's Office for assistance in filing a motion for a delayed appeal. (*Id.*).

On October 10, 1998, the Court of Appeals overruled petitioner's motion for leave to file a delayed appeal on the ground that petitioner had failed to provide "sufficient reasons for his failure to perfect an appeal as of right." (Doc. 4, Ex. C). Petitioner appealed to the Supreme Court of Ohio, which Court denied review on February 3, 1999. (*Id.,* Ex. D).

Petitioner filed a petition for certiorari in the United States Supreme Court. On October 4, 1999, the United States Supreme Court denied the petition for a writ of certiorari. (*Id.,* Ex. E).

On September 21, 2000, petitioner filed the instant petition for writ of habeas corpus asserting that he was denied his right to an appeal and to effective assistance of counsel in pursuing an appeal. (Doc. 1 at 4).

On January 22, 2001, respondent filed a motion to dismiss the petition for a writ of habeas corpus, arguing that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Public. L.

No. 104-132, 110 Stat. 1214. (Doc. 4).

On October 4, 2001, the Court denied respondent's first motion to dismiss finding petitioner was entitled to equitable tolling of the statute of limitations. (Doc. 17). The Court found that petitioner's counsel failed to timely file a direct appeal, and that petitioner's failure to inquire into the progress of his appeal and realize that his appeal was not timely brought by his trial counsel was reasonable because petitioner presented evidence that the appeals process took years to complete. (Doc. 17 at 8). The Court held that petitioner "was deprived of his right to a direct appeal when the trial court failed to ensure that counsel was appointed and a timely appeal was filed." (Doc. 17 at 8). Thus, state action delayed petitioner's pursuit of his appeal. (Doc. 17 at 8). The Court concluded that since petitioner received ineffective assistance of counsel and was therefore denied the right of direct appeal, equitable tolling of the AEDPA statute of limitations is warranted. (Doc. 17 at 10).

Although the Court did not specify exactly what period was tolled, it appears that the Court intended to toll the limitation period from the time petitioner's conviction became final on July 14, 1996 (i.e., 30 days after his time for filing a direct appeal expired under Ohio Appellate Rule 4(A)) until he filed his motion for delayed appeal on August 28, 1998.

On October 31, 2001, respondent filed a second motion to dismiss, arguing that the petition for writ of habeas corpus is still barred by the statute of limitations even taking into account the equitable tolling by the Court. (Doc. 18). Respondent argued that the period of time during which petitioner filed a petition for certiorari before the United States Supreme Court did not toll the limitations period because it was not a request for "state" review under the tolling provision of 28 U.S.C. § 2244(d)(2).[2] On October 4, 2002, the District Court granted the motion to dismiss. (Docs. 30, 31). The District Court did grant a certificate of appealability. (*Id.*).

Petitioner filed his notice of appeal on October 31, 2002. (Doc. 32). On February 20, 2004, the United States Court of Appeals for the Sixth Circuit found petitioner's appeal controlled by the intervening decision of *Abela v. Martin,* 348

---

[2]Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

F.3d 164 (6th Cir. 2003) which concluded that petitions for Supreme Court review do toll the limitations period.  The Court  vacated the dismissal of the petition but also remanded the case to the district court "to develop the factual record regarding Woods' entitlement to equitable tolling."  (Doc. 39).  While the state had argued in its briefs that petitioner's two year delay in moving for leave to file a delayed appeal demonstrated a lack of diligence on his part and that his reliance on the assurances of state inmates that appeals take years was unreasonable, at appellate oral argument, the state's counsel requested that the case be remanded "for further factual development regarding Woods' diligence in pursuing his rights and his reasonableness in remaining ignorant of his need to file an appeal," including "when Woods first requested appellate representation and when he first received it."  (Doc. 39 at 4).  Petitioner's counsel "agreed that a hearing was needed."  (*Id.*).

On March 9, 2004, the District Judge referred this matter to the Magistrate Judge "to hold an evidentiary hearing to develop the factual record as contemplated by the Sixth Circuit's order remanding the case." (Doc. 40).

### The parties' motions for discovery are granted to develop the record regarding petitioner's entitlement to equitable tolling.

Unlike the typical civil litigant, a habeas petitioner is not entitled to discovery as a matter of course.  *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Discovery is available at the discretion of the court and for good cause shown. Rule 6(a), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

Respondent has shown good cause for his discovery request.  Since petitioner does not oppose respondent's motion for discovery and has provided the requested documents (Doc. 47), respondent's motion for discovery (Doc. 43) is hereby GRANTED.

With respect to petitioner's motion for discovery (Doc. 48), respondent asserts that while the documents requested have no bearing on the issues, respondent has either provided the documents to petitioner or intends to do so. (Doc. 49). Respondent does take issue with petitioner's request to depose petitioner's  pretrial counsel, Mr. McEvilley, and petitioner's counsel at trial and sentencing, Mr. Perkins.  (Doc. 49). Respondent argues that "Mr. Woods and his habeas counsel were so lax in pursuing Mr. Woods' rights to state appellate and habeas review that even if this Court presumes that Woods' trial counsel was

constitutionally ineffective, Mr. Woods still is not entitled to equitable tolling." (Doc. 49 at 2).

      This Court cautions respondent that the factual and legal issues are not as clear cut as respondent suggests. The District Court has previously ruled that petitioner's waiting two years to file his delayed appeal was not unreasonable because petitioner presented extensive evidence that direct appeals in state court take years and, hence, petitioner was justified in not checking into the matter sooner. In any event, the Sixth Circuit has asked the District Court to revisit the issue of petitioner's entitlement to equitable tolling based on respondent's urging. Respondent conceded during oral argument in the federal appeal that more factual development was required on the issue of petitioner's diligence in pursuing his rights and his reasonableness in remaining ignorant of his need to file an appeal. (Doc. 39 at 4). Thus far, the only new pertinent facts learned by respondent are when petitioner sought representation from the public defender's office (February 4, 1998) for the purpose of pursuing a delayed direct appeal and when the public defender agreed to represent petitioner (May 26, 1998). (Doc. 50 at 4-5). Other than petitioner's representation that he instructed his trial counsel to file a notice of appeal, the record is void of information as to what arrangements, if any, petitioner made with his trial counsel to pursue an appeal, what actions counsel took, and what counsel communicated to petitioner with respect to his appeal.[3] It would be helpful to this Court to learn what occurred from trial counsel's perspective. Such facts bear on petitioner's reasonableness in waiting to contact the public defender to pursue a delayed appeal and, generally, on petitioner's diligence in pursuing his state and federal remedies.

      On the other hand, petitioner has failed entirely to explain why he requests the deposition of his pretrial counsel and what relevance his testimony could have with respect to petitioner's entitlement to equitable tolling for the period of time between sentencing and his delayed appeal.

      Accordingly, petitioner's motion for discovery (Doc. 48) is hereby GRANTED with the exception of petitioner's request to depose Mr. McEvilley.

---

[3] The record is also void of information concerning when petitioner actually discovered that his direct appeal was not pending and how he discovered that information. How soon he took action to remedy the situation would also bear on his diligence in pursuing his rights.

Date:  May 28, 2004                                s/Timothy S.  Black
   hr                                                           Timothy S. Black
                                                                          United States Magistrate Judge

J:\ROSENBEH\2254(2004)\00-803discov.wpd