UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRUCE WOODS,

       Petitioner,                                  Case No.  1:00cv803

vs.

                                                        Judge Spiegel

WANZA JACKSON,                          M.J. Black

       Respondent.

## PETITIONER WOODS' RESPONSE TO COURT'S 11-19-04 ORDER REGARDING STATUS OF THIS CASE

Petitioner, through counsel, hereby responds to this Court's 11-19-04 Order seeking information regarding the status of this case.  Doc. # 54.  Petitioner will include here only those portions of the procedural history of his case relevant to his response to this Order.

After being remanded by the Sixth Circuit Court of Appeals, Judge Spiegel issued an Order on March 9, 2004, "refer[ring] this mater to the assigned Magistrate Judge to hold an evidentiary hearing to develop the factual record as contemplated by the Sixth Circuit's order remanding the case to this Court."  Doc. # 40.  Thereafter, the parties engaged in motion practice and voluntarily disclosed documents in response to their respective discovery demands.  Doc. # 43 (Respondent's Discovery Request); Doc. # 47 (Petitioner's Response to Respondent's Discovery Request); Doc. # 48 (Petitioner's Motion For Discovery); Doc. # 49 (Respondent's Response to Petitioner's Discovery Requests).

After the mutual disclosure of documents, Respondent moved for dismissal, Doc. # 50, which Petitioner opposed, Doc. # 51.  Both parties appended documents exchanged during discovery to the pleadings regarding the motion for dismissal.  Respondent opposed Petitioner's

request to depose the two attorneys who represented Petitioner at different stages of his trial level proceedings.

This Court issued an Order denying Respondent's motion to dismiss; granting Petitioner's request to depose attorney Perkins, who represented him at trial; denying Petitioner's request to depose attorney McEvilley, who represented him during pre-trial proceedings; and saying in part:

> *This Court cautions respondent that the factual and legal issues are not as clear cut as respondent suggests* …. Thus far, the only new pertinent facts learned by respondent [regarding the equitable tolling issue] are when petitioner sought representation from the public defender's office (February 4, 1998) for the purpose of pursuing a delayed direct appeal and when the public defender agreed to represent petitioner (May 26, 1998). (Doc. 50 at 4-5). Other than petitioner's representation that he instructed his trial counsel to file a notice of appeal, the record is void of information as to what arrangements, if any, petitioner made with his trial counsel to pursue an appeal, what actions counsel took, and what counsel communicated to petitioner with respect to his appeal. *It would be helpful to this Court to learn what occurred from trial counsel's perspective.*

Doc. # 53 (Order dated 5-28-04 and filed 6-5-04; emphasis added; footnote omitted).

**Status of discovery.**

The parties have already exchanged disclosure of documents. Contrary to Respondent's 12-6-04 Status Report, the information disclosed by Petitioner does not "resolve[] all factual disputes and obviate[] the need for an evidentiary hearing." Doc. # 55.

Trial counsel Perkins must be deposed; his deposition is scheduled for December 14, 2004. Once attorney Perkins is deposed, it is possible but not certain that additional evidence could become relevant. Depending on attorney Perkins' testimony, Petitioner may need to move for additional depositions, or he may be able to address any remaining issues through affidavits.

**Expanding the record.**

Once attorney Perkins is deposed, it is possible that Petitioner will seek to expand the record with the transcript of his deposition.  In that event, Petitioner assumes that the transcript could be generated in four to six weeks at most.

In addition, if attorney Perkins' deposition testimony renders other facts relevant, the Petitioner will either move this Court for permission to take additional depositions; or Petitioner will record the relevant facts through affidavits, then move this Court to expand the record accordingly.  Given the timing of attorney Perkins' deposition, Petitioner anticipates that he will need one month (*i.e.*, to January 14, 2005), to file motions regarding any additional matters rendered relevant by attorney Perkins' testimony.

**Evidentiary hearing.**

There are material facts in dispute.  Respondent repeats today the simplistic assertion that the documents exchanged already resolved any disputes, notwithstanding the fact that this Court rejected that position when denying Respondent's motion to dismiss.  Respondent's assertion essentially puts at issue all facts material to the resolution of the equitable tolling question and the underlying right-to-appeal and effective assistance issues.   Whether all or some of the disputed facts will require an evidentiary hearing remains to be seen, depending in large part on the outcome of attorney Perkins' 12-14-04 deposition, and the development of any other facts that may need to be developed after his deposition.

At this juncture, Petitioner anticipates that if there is a need for an evidentiary hearing, the scope of that hearing can be limited by the extent to which the parties can agree to the admissibility of any documents they have exchanged, which documents will both focus and narrow any issues that need to be further developed during an evidentiary hearing.  Petitioner

anticipates that he would be in a position to stipulate to the admissibility of any documents the parties have exchanged thus far. Petitioner also anticipates that he will be in a position to solidify his position regarding the need for an evidentiary hearing within one month after the deposition of attorney Perkins (*i.e.,* by January 14, 2005).

Respectfully Submitted,

DAVID H. BODIKER
OHIO PUBLIC DEFENDER

_s/Gregory W. Meyers _____
GREGORY W. MEYERS (0014887)
Senior Assistant Public Defender

T. KENNETH LEE  (0065158)
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th FL
Columbus, Ohio 43215
614 466 5394
614 728 3670 Fax

COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2004, a copy of the foregoing PETITIONER WOODS' RESPONSE TO COURT'S 11-19-04 ORDER REGARDING STATUS OF THIS CASE was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system, through which parties may access copies of this document.

_s/Gregory W. Meyers _____
GREGORY W. MEYERS (0014887)
COUNSEL FOR PETITIONER

# 209516