UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRUCE WOODS,

    Petitioner,                                             Case No. 1:00cv803

vs.

                                                          Judge Spiegel
WANZA JACKSON,                           M.J. Black

    Respondent.

---

**PETITIONER'S RULE 5 MOTION FOR AN ORDER
TO EXPAND THE RECORD WITH OHIO COURT DOCUMENTS**

---

       Petitioner Woods, under Rule 5 of the Rules Governing Section 2254 Cases in the United States district courts, respectfully requests that this Court expand the record to include the docket sheets and several other appellate documents from the following three Hamilton County, Ohio, case numbers: (1) Common Pleas Case Number 96-345, Petitioner's first indictment, which was dismissed after trial and before sentencing on the superseding indictment; (2) Common Pleas Case Number 96-1386, Petitioner's superseding indictment, which led to the convictions that were never appealed; and (3) Fist District Court of Appeals Number 96-545, which shows a notice of appeal filed in the first, dismissed indictment number, and the eventual dismissal of this appeal for failure to prosecute. All of these documents appear in Ohio court files and are relevant to the adjudication of Petitioner's habeas petition.

                                                                        Respectfully Submitted,

                                                                        DAVID H. BODIKER
                                                                        OHIO PUBLIC DEFENDER

_s/Gregory W. Meyers_
GREGORY W. MEYERS (0014887)
Senior Assistant Public Defender

T. KENNETH LEE (0065158)
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th FL
Columbus, Ohio 43215
614 466 5394
614 728 3670 Fax

COUNSEL FOR PETITIONER

**MEMORANDUM IN SUPPORT**

Pursuant to Rule 5 of the Rules Governing § 2254 Cases, Petitioner requests that this Court permit him to expand the record with the following documents from the files of the Hamilton County, Ohio, Court of Common Pleas, and the Hamilton County Court of Appeals, First District:

**Exhibit 1:** Hamilton County Clerk of Courts Docket Sheet for Common Pleas Case Number 96-345. This docket reflects activity related to the first indictment filed against Petitioner in connection with the convictions underlying his habeas petition. This indictment was replaced by a superseding indictment; but the first indictment was not immediately dismissed. As reflected in the docket, the indictment was dismissed during on 6-12-96, which was after Petitioner was convicted but before he was sentenced on the same criminal charges in the superseding indictment. Notwithstanding the fact that this case had been dismissed, the docket records a notice of appeal filed on 7-12-96, and the dismissal of that appeal on 12-5-96.

**Exhibit 2:** Hamilton County Clerk of Courts Docket Sheet for Common Pleas Case Number 96-1386. This docket reflects activity related to the superseding indictment filed against Petitioner. The superseding indictment contained the same criminal charges, but added a specification referred to as a prior offense of violence, which increased the potential sentences for the underlying crimes. This docket records the fact that the jury returned guilty verdicts on all counts on 5-31-96, and that Petitioner was sentenced on 6-14-96. There is no docket entry recording a timely notice of appeal. There is an entry on 8-28-98 recording the filing of a motion for delayed appeal, which Ohio courts denied, leading to the instant habeas litigation.

**Exhibit 3:** Hamilton County Clerk of Courts Docket Sheet for the Court of Appeals Case Number 96-545. This docket shows a notice of appeal filed on 7-12-96 in connection with the first indictment, Case Number 96-345, notwithstanding the fact that the case number being appealed had been dismissed on 6-12-96. The docket shows that this appeal was dismissed on 12-5-96. In addition, Exhibit 3 contains a copy of the notice of appeal filed 7-12-96, a Criminal Docket Statement filed 8-12-96, and the 12-5-96 entry dismissing the appeal for want of prosecution.

All of these exhibits come from Ohio court records related to Petitioner's habeas litigation. These court records form essential pieces of the puzzle that, when seen in full, reveals how it came to pass that Petitioner believed for some time that his trial lawyer had perfected an appeal, when, in fact, he had not.

The importance of these court records will become even clearer when Petitioner soon files a Rule 7 motion asking this Court to expand the record with (among other documents) the deposition of his trial attorney, which was taken on 12-14-04. Trial attorney Perkins refers to

3

these and other documents during his deposition. On balance, attorney Perkins' deposition makes it clear that (1) he knew wanted an appeal; (2) he knew Petitioner was indigent; (3) he apparently led Petitioner to believe the appeal would proceed; (4) he had, it appears, only one discussion about the appeal with Petitioner; (5) he had ongoing discussions with more than one member of Petitioner's family about getting paid to do the appeal; (6) he filed a notice of appeal in the wrong case number, somehow managing to avoid paying the filing fee and winding up with a docket entry indicating a poverty affidavit had been filed when, in fact, it had not been filed; (7) he not only failed to perfect a timely appeal in the correct case number, he failed to protect Petitioner by asking the appellate court to appoint counsel; (8) he failed to prosecute the appeal (not knowing at the time the notice had been filed in connection with the dismissed case number); (9) he did not recall the dismissal entry, saying that the whole appeal issue faded away with a whimper, not a bang; and (10) he has no writing or letter of any kind making it clear to Petitioner or any of his family members that he was not pursuing the appeal he attempted to initiate.

For these reasons, Petitioner respectfully requests that this Court grant this motion to expand the record pursuant to Rule 5.

      Respectfully Submitted,

      DAVID H. BODIKER
      OHIO PUBLIC DEFENDER


      _s/Gregory W. Meyers_____
      GREGORY W. MEYERS (0014887)
      Senior Assistant Public Defender

      T. KENNETH LEE (0065158)
      Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th FL
Columbus, Ohio 43215
614 466 5394
614 728 3670 Fax

COUNSEL FOR PETITIONER

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2005, a copy of the foregoing PETITIONER'S RULE 5 MOTION FOR AN ORDER TO EXPAND THE RECORD WITH OHIO COURT DOCUMENTS, along with attached exhibits, was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system, through which parties may access copies of this document.

_s/Gregory W. Meyers_____
GREGORY W. MEYERS (0014887)
COUNSEL FOR PETITIONER

# 211625