# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Bruce Woods,
    Petitioner

vs                           Case No. 1:00cv803
                               (Spiegel, J.; Black, M.J.)

Wanza Jackson,
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed through counsel a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss the petition and petitioner's opposition. (Docs 50, 51).

### Procedural Background

Petitioner was convicted by a jury in the Hamilton County Court of Common Pleas of three counts of aggravated burglary with firearm specifications, two counts of robbery and two counts of kidnapping with firearm specifications. (Doc. 4, Ex. A). On June 14, 1996, petitioner was ordered to serve an indefinite sentence of seventy-five years to one-hundred and twenty-five years with an additional twelve years for the firearm specifications. (*Id.*).

Petitioner was informed by the trial court of his right to take an appeal (Doc. 8, A-39 - A-40), but petitioner did not file a timely direct appeal within thirty

days of the entry of the judgment pursuant to Ohio R. App. P. 4(A).  On August 28, 1998, petitioner filed a motion for leave to file a delayed appeal pursuant to Ohio R. App. P. 5.  (Doc. 4, Ex. B; Doc. 8, A-9). He alleged that he had requested that trial counsel file an appeal on his behalf.  (Doc. 8, Petitioner's Affidavit at A-17).  Petitioner represented that after sentencing, he did not receive any correspondence from his attorney pertaining to his appeal, and that his attorney refused his phone calls, as well as those made on his behalf. (*Id.*). He explained that he failed to promptly investigate the status of his appeal because his fellow inmates assured him that an appeal could take years.  (*Id.*). When he did learn that no appeal had been taken, petitioner stated that he contacted the Public Defender's Office for assistance in filing a motion for a delayed appeal.  (*Id.*).

On October 10, 1998, the Court of Appeals overruled petitioner's motion for leave to file a delayed appeal on the ground that petitioner had failed to provide "sufficient reasons for his failure to perfect an appeal as of right." (Doc. 4, Ex. C). Petitioner appealed to the Supreme Court of Ohio, which Court denied review on February 3, 1999. (*Id.,* Ex. D).

Petitioner filed a petition for certiorari in the United States Supreme Court. On October 4, 1999, the United States Supreme Court denied the petition for a writ of certiorari.  (*Id.,* Ex. E).

On September 21, 2000, petitioner filed the instant petition for writ of habeas corpus asserting that he was denied his right to an appeal and to effective assistance of counsel in pursuing an appeal.  (Doc. 1 at 4).

On January 22, 2001, respondent filed a motion to dismiss the petition for a writ of habeas corpus, arguing that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Public. L. No. 104-132, 110 Stat. 1214.  (Doc. 4).

On October 4, 2001, the Court denied respondent's first motion to dismiss finding petitioner was entitled to equitable tolling of the statute of limitations. (Doc. 17).  The Court found that petitioner's counsel failed to timely file a direct appeal, and that petitioner's failure to inquire into the progress of his appeal and realize that his appeal was not timely brought by his trial counsel was reasonable because petitioner presented evidence that the appeals process took years to complete.  (Doc. 17 at 8). The Court held that petitioner "was deprived of his right

to a direct appeal when the trial court failed to ensure that counsel was appointed and a timely appeal was filed." (Doc. 17 at 8). Thus, state action delayed petitioner's pursuit of his appeal. (Doc. 17 at 8). The Court concluded that since petitioner received ineffective assistance of counsel and was therefore denied the right of direct appeal, equitable tolling of the AEDPA statute of limitations is warranted. (Doc. 17 at 10).

Although the Court did not specify exactly what period was tolled, it appears that the Court intended to toll the limitation period from the time petitioner's conviction became final on July 14, 1996 (i.e., 30 days after his time for filing a direct appeal expired under Ohio Appellate Rule 4(A)) until he filed his motion for delayed appeal on August 28, 1998.

On October 31, 2001, respondent filed a second motion to dismiss, arguing that the petition for writ of habeas corpus is still barred by the statute of limitations even taking into account the equitable tolling by the Court. (Doc. 18). Respondent argued that the period of time during which petitioner filed a petition for certiorari before the United States Supreme Court did not toll the limitations period because it was not a request for "state" review under the tolling provision of 28 U.S.C. § 2244(d)(2).[1] On October 4, 2002, the District Court granted the motion to dismiss. (Docs. 30, 31). The District Court did grant a certificate of appealability. (*Id.*).

Petitioner filed his notice of appeal on October 31, 2002. (Doc. 32). On February 20, 2004, the United States Court of Appeals for the Sixth Circuit found petitioner's appeal controlled by the intervening decision of *Abela v. Martin,* 348 F.3d 164 (6th Cir. 2003) which concluded that petitions for Supreme Court review do toll the limitations period. The Court vacated the dismissal of the petition but also remanded the case to the district court "to develop the factual record regarding Woods' entitlement to equitable tolling." (Doc. 39). While the state had argued in its briefs that petitioner's two year delay in moving for leave to file a delayed appeal demonstrated a lack of diligence on his part and that his reliance on the assurances of state inmates that appeals take years was unreasonable, at appellate oral argument, the state's counsel requested that the case be remanded "for further factual development regarding Woods' diligence in pursuing his rights and his reasonableness in remaining ignorant of his need to file an appeal," including

---

[1] Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

"when Woods first requested appellate representation and when he first received it." (Doc. 39 at 4). Petitioner's counsel "agreed that a hearing was needed." (*Id.*).

On March 9, 2004, the District Judge referred this matter to the Magistrate Judge "to hold an evidentiary hearing to develop the factual record as contemplated by the Sixth Circuit's order remanding the case." (Doc. 40).

In April 2004, both parties filed motions to conduct discovery (Docs. 43, 48). On June 5, 2004, this Court granted, in part, the parties' motions to conduct discovery to develop the record regarding petitioner's entitlement to equitable tolling of the one year statute of limitations. (Doc. 53). In addition to the exchange of documents, the Court permitted petitioner to take the deposition of petitioner's defense counsel to determine, for example, what arrangements, if any petitioner made with his trial counsel to pursue an appeal, what actions counsel took, and what counsel communicated to petitioner with respect to his appeal. (*Id.*). While the discovery motions were pending, respondent filed the instant motion to dismiss the petition on statute of limitations grounds based on his recent discovery of when petitioner sought representation from the public defender's office for the purpose of pursuing a delayed direct appeal and when the public defender agreed to represent petitioner. (Doc. 50 at 4-5). Petitioner opposes the motion, arguing that there are still facts in dispute. (Doc. 51).

On November 19, 2004, this Court ordered the parties to report on the status of discovery and the need for an evidentiary hearing. (Doc. 54). On December 6, 2004, petitioner reported that the deposition of trial counsel had been scheduled for December 14, 2004. (Doc. 56). Petitioner estimated that he would be able to assess the need for further discovery, for expansion of the record and for an evidentiary hearing approximately one month after the deposition had been taken, i.e., after its transcription. (*Id.*). On January 21, 2005, petitioner moved the Court for expansion of the record to include the docket of the state court proceedings and additional documents from the state court record. (Doc. 57).

**OPINION**

To ensure that the facts of this case are fully developed, in keeping with the directives of both the District Court and the Sixth Circuit to this effect, this Court recommends that respondent's motion to dismiss (Doc. 50) be DENIED as premature. Because of the long procedural history of this case and varied rulings on the statute of limitations issue, this Court recommends that the discovery

process continue until the parties have gathered all relevant information and reported it to the Court either by expansion of the record through the introduction of additional documents or if necessary, via an evidentiary hearing. To further the expeditious disposition of this process, this Court is issuing an order to the parties to report on the status of discovery. Respondent remains free to renew his motion to dismiss on statute of limitations grounds when the record is fully developed.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss the petition (Doc. 50) be DENIED.


Date: <u>January 24, 2005</u>                           <u> s/Timothy S. Black         </u>
     hr                                                    Timothy S. Black
                                                                                         United States Magistrate Judge

J:\ROSENBEH\2254(2005)\00-803mtd1.wpd