UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRUCE WOODS,

    Petitioner,　　　　　　　　　　　　　　　Case No. 1:00cv803

vs.

    　　　　　　　　　　　　　　　　　　　　Judge Spiegel
WANZA JACKSON,　　　　　　　　　　　　　M.J. Black

    Respondent.

___

**PETITIONER'S RULE 8 MOTION REGARDING AN EVIDENTIARY HEARING**
___

    Petitioner, under Rule 8 of the Rules Governing Section 2254 Cases in the United States district courts, respectfully submits this motion to identify his position with respect to an evidentiary hearing. If this Court grants Petitioner's pending motion to expand the record, and if this Court rejects Respondent's arguments related to the actions of employees of the Ohio Public Defender's Office (OPD) between the time when Petitioner first contacted OPD and when Petitioner's motion for delayed appeal was filed in state court, then Petitioner sees no need for an evidentiary hearing.

                              Respectfully Submitted,

                              DAVID H. BODIKER
                              OHIO PUBLIC DEFENDER

                              _s/Gregory W. Meyers_____
                              GREGORY W. MEYERS (0014887)
                              Senior Assistant Public Defender

                              T. KENNETH LEE (0065158)
                              Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th FL
Columbus, Ohio 43215
614 466 5394
614 728 3670 Fax

COUNSEL FOR PETITIONER

## MEMORANDUM IN SUPPORT

Petitioner asserts that no evidentiary hearing is needed if this Court (1) grants his pending motion to expand the record, and (2) rejects Respondent's arguments based on what occurred in the time between when Petitioner first contacted the OPD and when the Assistant Public Defender assigned to his case filed his motion for delayed appeal in state court. In the alternative, depending on how this Court rules on those matters, Petitioner would request an evidentiary hearing at which he would adduce (1) all of the evidence identified in his motion to expand the record; and/or (2) evidence adequate to defeat Respondent's arguments aimed at the actions of the OPD in the time frame identified above.

In support of this motion, Petitioner respectfully requests that this Court permit him to incorporate by reference as if fully rewritten herein his pending motion to expand the record (Doc. 61). That motion and its attached exhibits detail the evidence Petitioner asserts needs to be added into the record, whether by a Rule 7 expansion of the record, or a Rule 8 evidentiary hearing. In addition, that motion takes issue with Respondent's apparent attempt to renege on an earlier concession regarding a large part of the time between Petitioner's first contact with OPD and the filing of the motion for delayed appeal. Everything in Petitioner's Rule 7 motion is relevant to the question whether an evidentiary hearing is necessary.

Petitioner will not repeat the lengthy Rule 7 discussion of the specific matters he moved into the record. In summary, if this Court grants Petitioner's Rule 7 motion to expand the record,

2

the Petitioner will file a motion for summary judgment on the grounds he is entitled to relief without need of an evidentiary hearing – subject to how this Court deals with Respondent's confusing position.

Petitioner repeats here his basic Rule 7 Motion points regarding Respondent's position, since they bear on a possible alternative method for developing additional evidence if this Court rejects Petitioner's arguments in favor of Respondent's. As set forth in Petitioner's Rule 7 Motion, if there is an issue here that needs further factual development, it revolves around the documents attached as Exhibit 5 to Petitioner's Rule 7 Motion. These same documents were attached to Petitioner's response to Respondent's discovery request, Doc. 47. They track what happened between when Petitioner sent his first letter to OPD and when an Assistant Public Defender was assigned to represent Petitioner after others gathered information and conducted a basic review of his case.

Of these documents, Petitioner asserts that only the first – Petitioner's first letter to OPD dated 2-4-98 has any importance to the issues before this Court. This letter draws the line between the period between Petitioner's sentencing and when he reached out to new counsel after realizing that attorney Perkins failed to prosecute his appeal. Petitioner contends that all the time that passed after OPD received this first letter is reasonable in the context of any arguable equitable tolling analysis.

Respondent disagrees with Petitioner; but it is difficult to divine Respondent's position with respect to the time that passed after Petitioner contacted OPD. Respondent's most recent filing (Warden Jackson's Status Report, Doc. 60, filed 2-5-05) is contradictory at best, and disingenuous at worst, when compared to the position Respondent took the motion to dismiss filed on 4-23-04 (Doc. 50).

3

Respondent's most recent filing says that, if this Court orders an evidentiary hearing, "**the Warden intends to call as witnesses each of the attorneys and staff members of the Office of the Ohio Public Defender identified in Mr. Woods' discovery** disclosure who were responsible for Mr. Woods' case. The Warden will call those witnesses to demonstrate that their failure to file timely pleadings on Mr. Woods' behalf is attributable to attorney neglect." Doc. 60, p. 1 (emphasis added). This position flies in the face of the concession Respondent made in her motion to dismiss.

In the motion to dismiss, Respondent distinguished two periods of time: first, the time it took OPD to process Petitioner's initial request; second, the time it took the assigned Assistant Public Defender to file the motion for delayed appeal after being assigned Petitioner's case. In that motion, Respondent conceded that she has no argument against Petitioner based on the first period of time, saying:

> **The public defender promptly responded to Mr. Woods** and requested that he fill out a questionnaire and financial statement, which the Public Defender received back from Mr. Woods [within a few days]. Doc. 50, p. 4.
>
> After receiving Mr. Woods' request for representation, the Public Defender was prompt and diligent in executing his legal obligation to evaluate the merits of Mr. Woods' case. Within a matter of days, the Public Defender responded to Mr. Woods' request and secured the documents necessary to determine his poverty status. Within a matter of weeks, the Public Defender obtained a transcription of Mr. woods' sentencing hearing, and by the 111th day after Mr. Woods requested counsel, the Public Defender agreed to represent him. **The amount of time it took the Public Defender to review Mr. Woods' case and decide to represent him was reasonable. It takes time to amass an old state-court record (even the Warden had to request a 30-day extension of time at the beginning of these proceedings to collect records), but the further delay of 94 days in filing a pro forma Motion for Delayed Appeal was not reasonable.** Doc. 50, pp. 12-13 (emphasis added).

While Petitioner contests Respondent's argument targeting the ninety-four days between the assignment of counsel and the filing of the motion, Petitioner agrees that Respondent correctly

4

conceded that she has no argument with the first one hundred eleven days.  See Petitioner Woods' Memorandum In Opposition To Respondent's Motion To Dismiss, Doc. 51, p. 5, Paragraphs I and J.

Respondent has now taken contradictory positions.  If, as Respondent correctly conceded, all the time between Mr. Woods' initial contact and the assignment of the case to a specific attorney was reasonable, then at most Respondent would have an argument for putting the assigned attorney on the stand at an evidentiary hearing (as it turns out, that attorney had to take early disability retirement due to a serious medical malady that renders him unable to testify – a matter Petitioner will discuss in more detail if need be – but there are other supervising lawyers who could speak to the period of time Respondent targeted in the motion to dismiss).

If Respondent's recent position amounts to some sort of ploy designed to avoid any hearing by suggesting that, if one is held, it would be a convoluted engagement involving testimony from various lawyers and their support staff, then clearly this Court will not countenance such a tactical maneuver.  Whatever Respondent's motivations, this much is clear: Respondent never asked for permission to depose any of those she now aims wildly at in her recent status report; nor did she move for an evidentiary hearing.  For those reasons alone, this Court should reject any suggestion that Respondent could call all the OPD employees who touched Petitioner's case at an evidentiary hearing.

Again, Petitioner asserts that none of the OPD's staff have any evidence relevant to the issues before this Court because, on the face of the record, the period of time that passed between when Petitioner first contacted OPD and when his motion for delayed appeal was filed easily falls within the range of "reasonable."  If this Court sees differently, then, in the alternative, Petitioner suggests that, in lieu of an evidentiary hearing, this Court consider authorizing

Respondent to take depositions only of those individuals for whom she can offer some rationale explanation as to why their testimony is necessary. This Court should not have to waste its time in an evidentiary hearing while Respondent fishes around for evidence to support whatever position she is advancing now or will decide to advance at some future date.

    Respectfully Submitted,

DAVID H. BODIKER
OHIO PUBLIC DEFENDER

_s/Gregory W. Meyers_____
GREGORY W. MEYERS (0014887)
Senior Assistant Public Defender

T. KENNETH LEE  (0065158)
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th FL
Columbus, Ohio 43215
614 466 5394
614 728 3670 Fax

COUNSEL FOR PETITIONER

**CERTIFICATE OF SERVICE**

I hereby certify that on January , 2005, a copy of the foregoing PETITIONER'S RULE 8 MOTION REGARDING AN EVIDENTIARY HEARING was filed electronically on February 8, 2005. Notice of this filing will be sent to all parties by operation of the court's electronic filing system, through which parties may access copies of this document.

_s/Gregory W. Meyers_____
GREGORY W. MEYERS (0014887)
COUNSEL FOR PETITIONER

# 211489