UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRUCE WOODS,

    Petitioner,                                Case No.  1:00cv803

vs.

                                                  Judge Spiegel
WANZA JACKSON,                         M.J. Black

    Respondent.

_____

**PETITIONER'S STATUS REPORT IN RESPONSE TO COURT'S ORDER DOC. 58**
_____

      In response to this Court's recent Order, Doc. 58, Petitioner, through counsel, informs the Court as follows.

**Status of Discovery.**

      Petitioner deposed his trial and appellate counsel, Bryan Perkins, and filed a Rule 7 Motion (Doc. 61) on February 8, 2005, asking this Court to expand the record with that transcript and other documents described in and attached to that motion.

      Petitioner does not see the need to conduct further discovery with respect to the facts and law he believes support his position, on the assumption that (1) this Court grants his pending Rule 7 motion; and (2) this Court rejects the suggestion by Respondent that, if an evidentiary hearing is ordered, Respondent could adduce the evidence she points to in her recent status report, Doc. 60.  Petitioner articulates his position with respect to that portion of Respondent's status report in both his pending Rule 7 motion (Doc. 61) and Rule 8 motion (Doc. 62). Petitioner respectfully requests that this Court incorporate by reference as if fully rewritten

herein both of those pending motions, each of which address matters relevant to this Court's recent Order (Doc. 58).

**Material Facts in Dispute.**

Based on what Respondent says and what she does not say in her recent status report (Doc. 60), and what Respondent said in her motion to dismiss (Doc. 50), it is not clear to Petitioner what facts the parties can at least agree remain in dispute. Over the course of this case, Respondent seems to have targeted three periods of time with respect to raising the statute of limitations defense, and countering Petitioner's equitable tolling arguments.

1) The time between when Petitioner was sentenced and when he first contacted the Office of the Ohio Public Defender (OPD) after realizing his lawyer failed to perfect a timely appeal;

2) The time between Petitioner's first contact with OPD and when OPD assigned the case to an Assistant Public Defender after others conducted a basic "merits review;" and

3) The time between when Petitioner's case was assigned to an Assistant Public Defender and when the motion for delayed appeal was filed in state court.

Respondent makes no reference to the first period of time in her most recent status report (Doc. 60); nor did Respondent ask any questions during the deposition of Petitioner's trial and appellate counsel. From these factors, Petitioner infers that Respondent no longer disputes Petitioner's claims hat he was the victim of ineffective assistance of appellate counsel; and that he is entitled to equitable tolling (if he even needs to resort to that doctrine) for that first period of time.

With respect to the second period of time, Respondent's recent status report (Doc. 60) contradicts the position Respondent took in her motion to dismiss (Doc. 50). This contradiction is described in detail in Petitioner's pending Rule 7 motion (Doc. 61) and Rule 8 motion (Doc. 62), both of which Petitioner respectfully request this Court to incorporate by reference as if fully

rewritten herein. Suffice to say here that, based on Respondent's motion to dismiss (Doc. 50), there was no material fact in dispute with respect to this second period of time; but Respondent seems to have reneged on that position in her recent status report (Doc. 60). Petitioner contends that there can be no rationale dispute over this period of time, so he is entitled to relief. This Court should either (1) reject Respondent's current position to the contrary; or (2) hold Respondent to the position she took in her motion to dismiss.

With respect to the third period of time, there is a dispute. Respondent explicitly targeted this ninety-four days in her motion to dismiss (Doc. 50, p. 13), and implicitly ratified that position in her recent status report (Doc. 60). Petitioner contends that there can be no rationale dispute over this period of time, so he is entitled to relief.

If this Court thinks otherwise, then Petitioner suggests that further discovery be had whereby additional depositions can be taken. In the alternative, this Court could hold an evidentiary hearing to develop facts relevant to this period of time.

The facts relevant to this period of time would be facts descriptive of the process the assigned Assistant Public Defender, Tom Wetterer, took to develop what became the motion for delayed appeal he filed for Mr. Woods, along with evidence to prove what should be the obvious point: Mr. Woods was not attorney Wetterer's only client – there were many other demands on his time.

As mentioned parenthetically in Petitioner's pending Rule 8 motion, Mr. Wetterer has since been forced to take permanent disability retirement due to a serious medical malady that renders him unable to reliably testify about these past events. If necessary, though, other lawyers who supervised him during this time could be called to testify about these facts based on their

3

personal knowledge of attorney Wetterer, and based upon records relevant to his work during this time.

>Respectfully Submitted,
>
>DAVID H. BODIKER
>OHIO PUBLIC DEFENDER
>
>  s/Gregory W. Meyers
>GREGORY W. MEYERS (0014887)
>Senior Assistant Public Defender
>
>T. KENNETH LEE  (0065158)
>Assistant State Public Defender
>
>
>Office of the Ohio Public Defender
>8 East Long Street, 11th FL
>Columbus, Ohio 43215
>614 466 5394
>614 728 3670 Fax
>
>COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing PETITIONER'S STATUS REPORT IN RESPONSE TO COURT'S ORDER DOC. 58 was filed electronically on February 8, 2005. Notice of this filing will be sent to all parties by operation of the court's electronic filing system, through which parties may access copies of this document.

>  s/Gregory W. Meyers
>GREGORY W. MEYERS (0014887)
>COUNSEL FOR PETITIONER

# 212525