LEXSEE 2001 U.S. APP. LEXIS 9390

JOSEPH ELLIOTT, Petitioner-Appellant, v. DON DEWITT, Respondent-Appellee.

No. 00-3329

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

10 Fed. Appx. 311; 2001 U.S. App. LEXIS 9390

May 8, 2001, Filed

**NOTICE:** [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** Southern District of Ohio. 99-00550. Beckwith. 03-06-00.

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant appealed an order of the United States District Court for the Southern District of Ohio, which denied his petition for a writ of habeas corpus. The district court granted defendant a partial certificate of appealability on the issue of the statute of limitations.

**OVERVIEW:** The district court held that defendant's first three claims were barred by the one-year statute of limitations, set out in 28 U.S.C.S. § 2244(d)(1), and that the record refuted the fourth claim. On appeal, defendant restated the claims from his petition and argued that a DNA test showed that he was actually innocent of the crimes for which he was convicted. Upon review, the court held that the district court properly held that defendant's petition was barred by the statute of limitations. Defendant's post-conviction petition, filed in November 1996, tolled the statute of limitations until his appeal in that action was dismissed on May 27, 1997. Thus, his June 1999 federal habeas petition was more than one year late. The court also held that none of defendant's other state court challenges to his conviction rendered his federal habeas petition timely. Furthermore, the district court did not abuse its discretion when it declined to equitably toll the statute of limitations. Lastly, defendant did not raise his DNA claim in his federal habeas petition, and, therefore, could not rely on it as a way around the statute of limitations.

**OUTCOME:** District court's order was affirmed.

**LexisNexis(R) Headnotes**

**COUNSEL:** JOSEPH ELLIOTT, Petitioner - Appellant, Pro se, Lebanon, OH.

For DON DEWITT, Respondent - Appellee: Katherine E. Pridemore, Office of the Attorney General, Cincinnati, OH.

**JUDGES:** Before: JONES and DAUGHTREY, Circuit Judges; ECONOMUS, District Judge. *

> * The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

**OPINION:**

[*312] ORDER

Joseph Elliott, an Ohio prisoner proceeding pro se, appeals a district court order denying his petition for a writ of habeas corpus. See 28 U.S.C. § 2254. The district court granted Elliott a partial certificate of appealability. This case has been referred to a panel of the court

EXHIBIT A

pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, [**2] this panel unanimously agrees that oral argument is not needed. *Fed. R. App. P. 34(a)*.

In 1996, a jury convicted Elliott of two counts of rape and two counts of burglary. He was sentenced to consecutive terms of eight to twenty-five years of imprisonment. The Ohio Court of Appeals affirmed the convictions and sentences in December 1996. Elliott filed an unsuccessful petition for post-conviction relief in November 1996. The court of appeals dismissed his appeal from that action in May 1997. Elliott filed a motion for post-trial DNA testing in the trial court in March 1997, and filed a motion in the Ohio Supreme Court to reopen his direct appeal in September 1999. He filed his present petition in June 1999, raising four claims. The district court held that Elliott's first three claims were barred by the one-year statute of limitations, *see 28 U.S.C. § 2244*(d)(1), and that the record refuted the fourth claim. The district court denied the petition but granted a certificate of appealability on the issue of the statute of limitations.

In his timely appeal, Elliott restates the claims from his petition and argues that the DNA test shows that he is actually innocent [**3] of the crimes for which he was convicted.

When reviewing a district court's disposition of a petition for a writ of habeas corpus, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo. *Lucas v. O'Dea, 179 F.3d 412, 416 (6th Cir. 1999)*.

Upon review, we conclude that the district court properly held that Elliott's petition was barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to this case because Elliott filed his petition for a writ of habeas corpus after the AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy, 521 U.S. 320, 326, 138 L. Ed. 2d 481, 117 S. Ct. 2059 (1997); Barker v. Yukins, 199 F.3d 867, 871 (6th Cir. 1999), cert. denied, 530 U.S. 1229, 120 S. Ct. 2658, 147 L. Ed. 2d 273 (2000)*. The AEDPA contains [*313] a one year statute of limitations. *28 U.S.C. § 2244(d)(1)*. Elliott's conviction became final in February 1997, when time expired for him to seek further direct review under Ohio law. *See* Rule II, § 2(A)(1), Rules of Practice of the Supreme Court of Ohio; *28 U.S.C. § 2244 [**4] (d)(1)(A); Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999), cert. denied, 530 U.S. 1210, 120 S. Ct. 2211, 147 L. Ed. 2d 244 (2000)*. Elliott's post-conviction petition, filed in November 1996, tolled the statute of limitations until his appeal in that action was dismissed on May 27, 1997.

*See § 2244(d)(2)*. Thus, his June 1999 federal habeas petition was more than one year late.

None of Elliott's other state court challenges to his conviction render his federal habeas petition timely. Elliott's March 1997 motion for DNA testing did not toll the statute of limitations because it did not address any of the grounds of his federal habeas petition in question. *See Austin, 200 F.3d at 394-95*. Elliott's September 1999 motion to reopen his direct appeal, filed after the statute of limitations had run, cannot save Elliott's habeas petition either. Even if that motion were considered part of Elliott's direct appeal under § 2244(d)(1)(A), *see Bronaugh v. Ohio, 235 F.3d 280, 286 (6th Cir. 2000)*, the statute of limitations could be tolled only for the three months during which Elliott's motion was pending. Elliott's petition [**5] was more than a year late.

We also conclude that the district court did not abuse its discretion when the court declined to equitably toll the statute of limitations. *See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S. Ct. 1564, 146 L. Ed. 2d 467 (2000); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)*. Elliott alleged that neither the clerk of the Ohio Court of Appeals nor his attorney notified him of the court's decision to affirm his convictions in time for him to appeal to the Ohio Supreme Court. However, the court of appeals' docket sheet indicates that the decision was sent to all parties of record, including Elliott's counsel. Moreover, an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling. *Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999)*. Finally, Elliott failed to monitor the status of his appeal and diligently pursue § 2254 relief. *See Coleman, 184 F.3d at 403; Miller, 141 F.3d at 978*. [**6] Accordingly, equitable tolling was not appropriate.

Elliott's reliance on actual innocence as an exception to the AEDPA's statute of limitations is misplaced. Whether or not there is such an exception, Elliott did not raise his DNA claim in his federal habeas petition and therefore cannot rely on it as a way around the statute of limitations. *See Austin, 200 F.3d at 394*. On appeal, Elliott has submitted copies of a DNA test. These documents are not part of the district court record and cannot be considered by this court on appeal. *See Fed. R. App. P. 10(a); United States v. Bonds, 12 F.3d 540, 552 (6th Cir. 1993)*. In any event, the DNA test did not establish Elliott's innocence in light of the other evidence linking him to the crime.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

LEXSEE 20 FED. APPX. 373

ERNEST BROWN, Petitioner-Appellant, v. UNITED STATES OF AMERICA, Respondent-Appellee.

No. 01-1481

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

20 Fed. Appx. 373; 2001 U.S. App. LEXIS 20939

September 21, 2001, Filed

NOTICE: [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

PRIOR HISTORY: Eastern District of Michigan. 99-75266. Cohn. 01-13-00.

DISPOSITION: Affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: Appellant pro se federal prisoner appealed from an order of the United States District Court for the Eastern District of Michigan, which denied his *28 U.S.C.S. § 2255* motion.

OVERVIEW: The district court denied the inmate's *28 U.S.C.S. § 2255* motion as untimely, concluding that no extraordinary circumstance existed that would allow for § 2255 relief. In his timely appeal, the inmate argued: (1) that equitable tolling applied, (2) that counsel was ineffective in failing to file a notice of appeal, and (3) that the district court erred by not conducting an evidentiary hearing. On appeal, the court held that the motion was untimely. The inmate's 90 days in transit after his sentencing hearing did not explain his lack of diligence in filing his § 2255 motion during the nine-month period that remained open to him to file timely, and the inmate offered no explanation for his failure to file during this period. Finally, to the extent that the inmate claimed that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this did not qualify for equitable tolling because the inmate failed in his duty to monitor the status of his appeal. The court refused to rule on the remaining issues.

OUTCOME: Judgment was affirmed.

LexisNexis(R) Headnotes

COUNSEL: ERNEST BROWN, Petitioner - Appellant, Pro se, Bradford, PA.

For UNITED STATES OF AMERICA, Respondent - Appellee: Janice V. Terbush, Office of the U.S. Attorney, Detroit, MI.

JUDGES: Before: KENNEDY, GUY, and BOGGS, Circuit Judges.

OPINION: [*373]

ORDER

Pro se federal prisoner Ernest Brown appeals a district court order that denied his *28 U.S.C. § 2255* motion. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. *Fed. R. App. P. 34(a)*.

Brown pleaded guilty to a charge of distribution of cocaine base. In a judgment entered on June 2, 1998, the district court sentenced Brown to 108 months of imprisonment to be followed by four years of supervised release. Brown did not [**2] take a direct appeal.

EXHIBIT B

On October 27, 1999, Brown filed the instant § 2255 motion, claiming: (1) that defense counsel was ineffective in failing to file a notice of appeal after Brown asked him to challenge the district court's determination that he was not a minor participant; (2) that the district court erred by concluding that he was not a minor participant; and (3) that the one-year limitations period of § 2255 is subject to equitable tolling in this case because--(a) counsel failed to file a notice of appeal after Brown requested counsel to do so, (b) Brown was "in transit" to his place of incarceration for ninety days after the sentencing hearing, and (c) defense counsel changed addresses and his office would not accept Brown's collect telephone calls.

[*374] The district court denied Brown's § 2255 motion as untimely, concluding that no extraordinary circumstance existed that would allow for § 2255 relief. Brown thereafter moved the district court to issue a certificate of appealability. In response, the district court filed an order stating:

> Petitioner is entitled to a certificate of appealability on his claim that his counsel was ineffective for failing to file a notice [**3] of appeal and that he was entitled to an evidentiary hearing on the conflict between his assertion that he directed counsel to appeal and counsel's statement that he was not so instructed. Petitioner is also entitled to appellate review of his claim that the one year period of limitations was equitably tolled in the circumstances of this case.

In his timely appeal, Brown contends: (1) that equitable tolling applies in this case, (2) that counsel was ineffective in failing to file a notice of appeal, and (3) that the district court erred by not conducting an evidentiary hearing. Both parties have filed briefs.

As an initial matter, we will not review Brown's enumerated issues two and three. Regarding issue two, Supreme Court precedent makes it clear that courts should avoid unnecessary adjudication of constitutional issues. *Ashwander v. TVA*, 297 U.S. 288, 347, 80 L. Ed. 688, 56 S. Ct. 466 (1936) (Brandeis, J., concurring) ("If a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter."). Where a statutory or nonconstitutional basis [**4] exists for reaching a decision, as it does here, it is not necessary to reach the constitutional issue. *See, e.g., Montenegro v. United States*, 248 F.3d 585, 595-96 (7th Cir. 2001) (avoiding the question of the constitutionality of the statute of limitations of § 2255). The legal question embodied in issue three is rendered moot by our finding below that Brown failed to file his § 2255 motion in a timely fashion.

We review de novo a district court's determination that a § 2255 motion was filed outside of the applicable statutory limitations period. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir. 1999) (a 28 U.S.C. § 2254 case). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal prisoner has one year to file a § 2255 motion. The one-year period runs from the latest of four possible starting markers, *see* § 2255(1)-(4); in this case, the relevant marker is the date on which Brown's judgment of conviction became final. For the purposes of the limitations period of § 2255, "a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001) [**5] (citing *United States v. Torres*, 211 F.3d 836, 839 (4th Cir. 2000)). If a § 2255 movant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Id.* If a § 2255 movant has not taken a direct appeal, direct review is final upon the entry of the judgment of conviction, *see United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (citing *Torres*, 211 F.3d at 837), or ten days thereafter. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (stating that "if a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")

The district court concluded that the one-year period in which Brown was required to seek § 2255 relief expired on June 9, 1999, ten days after the date the judgment was filed. Under *Sanders*, the [*375] statute of limitations began to run on June 2, 1998. Under *Kapral*, it began to [**6] run on June 12, 1998. With any of the possible starting points--or even with the ninety-day period for filing a petition for certiorari added to the ten day period for taking a direct appeal--Brown's motion was untimely.

The one-year limitations period of § 2255 is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1004, 1007 (6th Cir. 2001). If a district court determines as a matter of law that equitable tolling does not apply, this court reviews that decision de novo. *Id.* at 1007 & n.2. In determining whether equitable tolling of a limitations period is appropriate, a court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in

remaining ignorant of the legal requirement for filing his claim." *Id. at 1008* (citing *Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)).* Enumerated factor four, the prejudice-to-the-respondent factor, may only be considered if other factors [**7] of the test are met. *See Andrews, 851 F.2d at 151.*

Brown has failed to establish any basis for equitable tolling. Ineffective assistance from counsel does not apply in this context, because Brown possessed no right to counsel in the prosecution of a § 2255 motion. *See Pennsylvania v. Finley, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987).* His ninety days in transit do not explain his lack of diligence in filing his § 2255 motion during the nine-month period that remained open to him to file timely, *see Dunlap, 250 F.3d at 1010,* and Brown offers no explanation for his failure to file during this period. Ignorance of the limitations period does not toll the limitations period. *See United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999)* (in direct criminal appeal, court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law), *cert. denied, 528 U.S. 1197, 146 L. Ed. 2d 117, 120 S. Ct. 1262 (2000).* And finally, to the extent Brown claims that he believed mistakenly that counsel was prosecuting an appeal on his behalf, this does not qualify [**8] because Brown failed in his duty to monitor the status of his appeal. *See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)* (§ 2254 case), *cert. denied, 529 U.S. 1057, 146 L. Ed. 2d 467, 120 S. Ct. 1564 (2000).*

For these reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.