```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

BRUCE WOODS,                        :
                                    : NO. 1:00-CV-00803
    Petitioner,                     :
                                    :
                                    : **OPINION AND ORDER**
  v.                                :
                                    :
                                    :
WANZA JACKSON,                      :
                                    :
    Respondent.                     :
                                    :

      This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 76) and Petitioner's Objections (doc. 79).

      On September 21, 2000, Petitioner Bruce Woods, an inmate in state custody at the Warren Correctional Institution in Warren County, Ohio, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he was denied his right to appeal and to effective assistance of counsel in pursuing an appeal (doc. 1). By Order of October 4, 2002, this Court dismissed the case on statute of limitations grounds, while granting a certificate of appealability (doc. 30). On February 20, 2004, the Sixth Circuit Court of Appeals vacated this Court's October 4, 2002 decision, and remanded the case for the Court to develop a factual record regarding Petitioner's entitlement to equitable tolling of the habeas statute (doc. 39). Consistent with the remand, the parties engaged in discovery and the Magistrate Judge approved the

expansion of the record (docs. 57 & 74). Respondent subsequently filed a brief (doc. 71), and Petitioner filed a motion for summary judgment (doc. 72), which respondent opposed (doc. 73). Having reviewed such filings, in his November 8, 2005 Report and Recommendation, the Magistrate Judge recommended that Petitioner's motion for summary judgment be denied, that his petition for writ of habeas corpus be dismissed with prejudice, that a certificate of appealability should issue, and that any appeal should be taken in good faith such that Petitioner should be granted leave to proceed on appeal in forma pauperis (doc. 76).

This matter is now before the Court on the Magistrate Judge's Report and Recommendation and Petitioner's Objections thereto (docs. 76 & 79). Having reviewed this matter, for the reasons indicated herein, the Court **REJECTS** the Magistrate Judge's Report and Recommendation (doc. 79). The Court further **GRANTS** Petitioner's Motion for Summary Judgment (doc. 72), and **ORDERS** that a writ for habeas corpus should issue, such that Petitioner be released from prison unless the Hamilton County Court of Appeals grants Petitioner a delayed appeal of his sentence within ninety days of the entry of this Order.

**I. The Magistrate Judge's Report and Recommendation (doc. 76)**

The Magistrate Judge provided a thorough procedural background, which the Court incorporates by reference (doc. 76). In summary, Petitioner, who on July 14, 1996 was sentenced for

three counts of aggravated burglary with firearm specifications, two counts of robbery, and two counts of kidnapping with firearm specifications, informed his counsel that he wished to pursue an appeal (Id.). In 1998 Petitioner discovered that his counsel had not filed an appeal in his case (Id.). He contacted the Public Defender's Office on February 6, 1998, to ask for assistance with his appeal (Id.). By May 26, 1998, the Public Defender's Office informed Petitioner it would file a motion for a delayed appeal on his behalf, which it subsequently filed on August 28, 1998 (Id.). In such motion, Petitioner indicated that after his sentencing, his trial counsel refused his phone calls, and those made on his behalf, and did not correspond with him (Id.). Petitioner understood from his fellow inmates that an appeal could take years (Id.).

On October 10, 1998, the Court of Appeals overruled Petitioner's motion for leave to file a delayed appeal on the ground that Petitioner had failed to provide "sufficient reasons for his failure to perfect an appeal as of right" (Id.). Petitioner appealed to the Supreme Court of Ohio, which denied review on February 3, 1999 (Id.). Petitioner then filed a petition for a writ of certiorari, which the United States Supreme Court denied on October 4, 1999 (Id.). On September 21, 2000, Petitioner filed the instant petition for a writ of habeas (Id.).

As the Magistrate Judge noted, under 28 U.S.C. §

3

2244(d)(1), a person in custody pursuant to a judgment of the state court must file an application for writ of habeas corpus within one year of the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by the state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (Id.).  Under 28 U.S.C. 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review (Id.).  For purposes of the tolling provision, "the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of a time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." Abela v. Martin, 348 F.3d 164, 172-73 (6th Cir. 2003)(en banc), cert. denied, 541

4

U.S. 1040 (2004).

In its October 24, 2001 Order, the Court did not count against the statute of limitations the time from when Petitioner's conviction became final on July 14, 1996, (30 days after his time for filing a direct appeal expired under Ohio law), until Petitioner filed his motion for a delayed appeal on August 28, 1998 (doc. 17). Citing Calderon v. U.S. District Court for the Central District of California, 128 F.3d 1283 (9th Cir. 1998), the Court found it proper to toll the statute of limitations in this case pursuant to 28 U.S.C. § 2244(d)(1)(B)(Id.). Section 2244(d)(1)(B) provides that the one-year period of limitation applicable to a petition for a writ of habeas corpus shall run from the date on which the impediment to filing an application by State action is removed.

The Magistrate Judge, however, reported that it is not a settled issue that ineffective assistance of counsel can be construed as state action for purposes of section 2244(d)(1)(B), and further found that regardless of Petitioner's counsel's mishandling of his appeal, such mishandling did "not impede or preclude petitioner from seeking habeas corpus relief" (doc. 76). The Magistrate Judge found that section 2244(d)(1)(B) has been applied where the connection between state action and the ability to file a habeas corpus petition is more direct, for example where prison officials refuse access to legal materials or where habeas

5

provisions are missing from a prison law library, thus suggesting any "state action" is too attenuated in this case (Id.).

The Magistrate Judge acknowledged, however, that the Northern District of Ohio in Waldron v. Jackson, 348 F. Supp.2d 877, 883 (N.D. Ohio 2004), in facts similar to those at hand in the present matter, considered that the failure of counsel to perfect a first appeal of right was a state-created impediment, thus justifying the tolling of the statute of limitations pursuant to Section 2244(d)(1)(B) (Id.). The Waldron court found that counsel's failure to perfect a timely appeal prevented petitioner from filing a timely habeas corpus petition, in part because petitioner could not have brought a petition until his claim had first been exhausted by filing a motion for a delayed appeal (Id.). Rather than following Waldron, however, the Magistrate Judge questioned its reasoning in the light of Winkfield v. Bagley, 66 Fed. Appx. 578 (6th Cir. 2003), in which the Sixth Circuit denied tolling of the statute of limitations to a petitioner who allowed nearly ten years to lapse while waiting to hear back from his counsel on the status of an appeal that was never filed (Id.). The Magistrate Judge further cited numerous authorities placing an affirmative duty on Petitioner to monitor his appeal (Id.). The Magistrate Judge acknowledged that the application of Section 2244(d)(1)(B) to this case is a "close question," but nonetheless found Petitioner had failed to show his counsel's failure to

6

perfect an appeal prevented him from filing a timely habeas corpus application (Id.).

The Magistrate Judge further concluded that even should equitable tolling apply to this case, Petitioner filed his habeas corpus petition too late (Id.). The Magistrate Judge found that when Petitioner received new counsel through the Public Defender's Office on May 26, 1998, any applicable tolling, be it statutory or equitable, would have ceased (Id.). Citing Colwell v. Tanner, 79 Fed. Appx. 89, 92 (6th Cir. Oct. 9, 2003), cert. denied 541 U.S. 974 (2004), The Magistrate Judge stated "[t]he statute would not be tolled during the time that the assistant public defender prepared the motion for delayed appeal or the time necessary to prepare the habeas corpus petition" (Id.). The Magistrate Judge thus found that the statute of limitations ran for about three months from May 26, 1998 until the Public Defender's Office filed Petitioner's motion for a delayed appeal on August 28, 1998 (Id.). The clock then stopped until the United States Supreme Court denied certiorai, thus, according to the Magistrate Judge, leaving only nine months for Petitioner to file his petition (Id.). The Magistrate Judge found that Petitioner was too late because he did not file his petition until eleven and a half months later, and accordingly, was two and a half months late (Id.).

7

**II.  Petitioner's Objections to the Magistrate Judge's Report and Recommendation (doc. 79)**

Petitioner asks the Court to reject the Magistrate Judge's Report and Recommendation and allow Petitioner the opportunity to have an appeal of his original sentence (doc. 79). Petitioner argues he was a victim of ineffective assistance of appellate counsel, which created a time-tolling impediment to his ability to bring a direct appeal of his conviction in state court (Id.).  In Petitioner's view, the impediment remained in place until his new counsel filed documents seeking a delayed appeal, on August 28, 1998, not when Petitioner first obtained his new counsel some three months earlier (Id.).  After August 28, 1998, Petitioner contends the statute of limitations was statutorily tolled while his delayed-appeal litigation was pending, and the clock did not start on his one-year statute of limitations for filing his habeas corpus petition until October 5, 1999, when the United States Supreme Court denied review (Id.).

Petitioner argues in the alternative that if the court would find that the impediment of ineffective assistance of counsel was removed before counsel filed a state court pleading asking for a delayed appeal, or when Petitioner realized he had been victimized by ineffective assistance of counsel, then he is still entitled to equitable tolling (Id.).  Any holding to the contrary, contends Petitioner, inequitably punishes Petitioner for malfeasance of his ineffective counsel, unfairly permits the state

8

to profit from ineffective assistance of counsel, and places unrealistic demands on inmates and new counsel that mechanically guts federal habeas, statutory tolling, and equitable tolling (Id.).

Specifically, Petitioner parses through the record in the case, demonstrates the ineffective assistance of his appellate counsel, and argues this Court was not in error in its earlier finding that time was tolled from the date on which a notice of appeal should have been filed to the date on which Petitioner filed a motion for delayed appeal (Id.). Petitioner argues the Court should follow Waldron, 348 F.Supp.2d 877, where the court deemed a habeas petition timely in nearly identical circumstances (Id.). Petitioner challenges the Magistrate Judge's conclusion that he could have filed a habeas petition irrespective of the fact that none of his habeas corpus claims would have been exhausted, because exhaustion of state remedies is a condition to seeking habeas corpus relief in federal courts. (Id. citing Dombrkowski v. Johnson, 488 F.2d 68, 70 (6th Cir. 1973)). Petitioner asks, "[h]ow could an inmate fairly be required to initiate habeas proceedings while he sits in prison under the reasonable but mistaken belief that his lawyer is pursuing a state-court direct appeal?" (Id.). Petitioner further argues that requiring inmates to file petitions under such circumstances amounts to requiring them to engage in the vain act of filing a habeas petition with unexhausted claims (Id.).

"[E]quity . . .does not require the doing of a vain act," contends Petitioner, citing Crosby v. Bowater, Inc., 382 F.3d 587, 597 (6th Cir. 2004) cert. denied 125 S. Ct. 1844 (2005).

In addition to meriting statutory tolling, Petitioner argues he is entitled to equitable tolling under the factors listed in Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001), which include: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim" (Id.).  Petitioner argues that contrary to the Magistrate Judge's Report and Recommendation the Dunlap factors militate in favor of equitable tolling for 1) the time between Petitioner's sentencing and his discovery that his lawyer failed to perfect a timely appeal, 2) the time between his first contact with the Public Defender, the assignment of an attorney to his case, and the filing of a motion for a delayed appeal, and 3) the time between the adjudication of his delayed appeal and the filing of his habeas petition (Id.).  Petitioner therefore objects to every recommendation of the Magistrate Judge and asserts that because he filed a timely habeas petition he is entitled to relief in the form of a delayed appeal (Id.).

**III. Discussion**

Of critical importance in this case is the necessity, in the Court's view, to distinguish the settled jurisprudence that a Petitioner is not entitled to effective assistance of counsel in filing a habeas petition from the equally settled principle that every defendant has the right to effective assistance in initially appealing his underlying criminal conviction. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus we have rejected suggestions that we establish a right to counsel on discretionary appeals"). This case does not present a situation where counsel failed to effectively file a timely habeas corpus petition subsequent to an exhausted appeal. On the contrary, this case presents the situation where Petitioner's counsel never properly filed or exhausted the appeal in the first place.

The Court does not find it correct to retreat from its prior conclusion that the clock of the statute of limitations stopped running from the time a notice of appeal should have been filed, to the date on which through new counsel Petitioner filed his motion for a delayed appeal, August 28, 1998 (doc. 17). The Court finds well-taken Petitioner's argument that starting from the filing of the delayed appeal, all other periods of time were tolled until the United States Supreme Court denied certiorai. Abela, 348

F.3d 164.

The Court is satisfied that Waldron v. Jackson, 348 F. Supp.2d 877, 883 (N.D. Ohio 2004), provides the appropriate framework within which to view this case. The Court disagrees with the Magistrate Judge's conclusion that Winkfield, 66 Fed. Appx. 578 (6th Cir. 2003), should lead to a different conclusion, as the facts in Winkfield clearly show the petitioner in that case waited nearly ten years before realizing his appeal may not have been properly filed.  66 Fed. Appx. 580.  Here, the Petitioner discovered the problem and sought help with his appeal within about a year and a half of his conviction. The facts of this case do not show a lack of diligence on Petitioner's part in any way comparable to that of the petitioner in Winkfield. Petitioner here acted reasonably and diligently.

The Court finds well-taken Petitioner's argument that inmates should not be required to file habeas petitions when they have not yet exhausted their state court remedies. Such a requirement, endorsed by the Magistrate Judge's Report and Recommendation, does not comport with long-established habeas jurisprudence requiring the exhaustion of state remedies as a prerequisite to the application for a writ of habeas corpus. Dombowski v. Johnson, 488 F.2d 68, 70 (6th Cir. 1973).

The Magistrate Judge further found that Petitioner's new counsel was at fault for failing to file a timely petition by

12

spending time to research whether Petitioner had a viable case. Citing to <u>Colwell v. Tanner</u>, 79 Fed. Appx. 89, 92 (6th Cir. Oct. 9, 2003), <u>cert</u>. <u>denied</u> 541 U.S. 974 (2004), the Magistrate Judge stated "[t]he statute would not be tolled during the time that the assistant public defender prepared the motion for delayed appeal or the time necessary to prepare the habeas corpus petition" (doc. 76). However, the Court finds that <u>Colwell</u> is not on point, as it applied to a case where counsel tardily filed a habeas petition subsequent to an exhausted appeal. <u>Colwell</u> in no way bears upon the issue of the filing of a delayed appeal, and in no way supports the proposition that an inmate must file a habeas petition prior to the exhaustion of his state remedies. As noted above, there is no right to effective assistance of counsel in the filing of a habeas petition, but there is a right to have effective assistance in the initial appeal of the underlying criminal conviction. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987). Here, Petitioner had the right to effective assistance to file an appeal, was denied such right, and the impediment was not removed until the ultimate exhaustion of his motion for a delayed appeal.

  Moreover, here, Petitioner's new counsel took about three months after agreeing to represent Petitioner to prepare Petitioner's motion for a delayed appeal. This is not an unreasonable amount of time. The Magistrate Judge counted such time against Petitioner, and thus calculated that Petitioner's

habeas petition was ultimately about a month and a half late, and therefore barred.  The Court does not find it in the interest of justice to count such time against Petitioner.

To the extent that the Magistrate Judge found the application of 2244(d)(1)(B) to this case a "close question," the Court disagrees.  The Court concludes that Petitioner was entitled to statutory tolling of the statute of limitations, which commenced upon the removal of the impediment to his filing for an application, the date the Supreme Court declined to review his motion for a delayed appeal, October 5, 1999.  <u>Waldron v. Jackson</u>, 348 F. Supp.2d 877, 883 (N.D. Ohio 2004).  The Court further finds that under the facts of this case Petitioner should further be entitled to equitable tolling under the factors articulated in <u>Dunlap</u>.  250 F.3d 1001, 1008 (6th Cir. 2001).

**IV.  Conclusion**

Having reviewed this matter <u>de novo</u>, pursuant to Title 28 U.S.C. § 636, the Court finds Petitioner's Objections to the Magistrate Judge's Report and Recommendation correct in their entirety.  The Court therefore **REJECTS** the Magistrate Judge's Report and Recommendation (doc. 79).  The Court further **GRANTS** Petitioner's Motion for Summary Judgment (doc. 72), and **ORDERS** that a writ for habeas corpus should issue, such that Petitioner be released from prison unless the Hamilton County Court of Appeals grants Petitioner a delayed appeal of his sentence within ninety

14

days of the entry of this Order.

       SO ORDERED.

Dated: March 22, 2006       <u>/s/ S. Arthur Spiegel</u>
                                   S. Arthur Spiegel
                                   United States Senior District Judge